GLADNEY, Judge.
The only question raised in appellants’ application for a rehearing is the question of whether or not Mrs. Henderson was guilty of contributory negligence.
In our original opinion we held that at the time of the accident rain was falling and both cars were being operated with headlights or parking lights burning; and that Mrs. Henderson stopped before entering the intersection, made observation for approaching traffic, then moved into the intersection and was. struck broadside at about the left center of her car, by the Austin car, which was traveling at a speed of from thirty to thirty-five miles per hour. Neither of the drivers involved observed the other vehicle until instantaneously before the moment of impact. We found that the sole proximate causes of the accident were the excessive speed of the Austin automobile under the existing circumstances and the failure to accord the Henderson car the right-of-way, to which it was entitled.
It is argued that Mrs. Henderson should be held contributorily negligent in that upon stopping at the intersection if she had made proper observation the accident would not have happened. Cited as authority for this conclusion are Smith v. Borchers, et al., 243 La. 746, 146 So.2d 793 (1962) and Theunissen v. Guidry, et al., 244 La. 631, 153 So.2d 869 (1963).
As being pertinent to the issues presented counsel has quoted from appellee’s testimony as follows:
“Q. As you reached the intersection, did you stop?
“A. When I approached the intersection?
“Q. Yes.
“A. Yes.
“Q. Did you look for oncoming traffic?
“A. Yes.
“Q. Did you see any?
“A. No.
*747 “Q. Was there anything obstructing your visibility at the time?
“A. No.”
⅜ ⅝ ‡ ⅜ ⅜ ⅜
“Q. If at the time you had stopped at the intersection and were looking to your left and to your right, if you had seen an automobile coming on the Dunn parish road, would you have remained stopped and let it pass?
“A. Certainly.”
It is, of course, essential to determine whether or not, if after Mrs. Henderson had stopped at the intersection, her conduct was such that it led Austin to believe that she was about to yield the right-of-way and allow him to continue across the intersection. This implies also that the cars could have been observed from a sufficient distance to allow either driver to take warranted action and avoid a collision. A re-examination of the facts discloses that although visibility may not have been greatly affected by the rain which the witnesses indicate was lightly falling, yet we do find from photographs taken at appropriate positions, the intersection between the two vehicles was a “blind” corner, and Mrs. Henderson could not have seen the Austin car until she had reached the west line of the intersection (the west line of the Dunn parish road). Only from such a position would she have been able to observe the approach of Austin at an appreciable distance. She testified she looked but did not see the approach of the Austin car, and then moved into the intersection. Her entry under these circumstances was justified.
In Smith v. Borchers, supra, Mrs. Smith was held guilty of contributory negligence under the following circumstances: She was driving in a southerly direction and Borchers was driving in a westerly direction when the automobiles collided at the intersection of Pressburg and Nighthart Streets in New Orleans. The two streets were of equal dignity with no traffic controls and under the physical facts, Mrs. Smith was the favored driver and had the right-of-way to cross the intersection. In adjudging Mrs. Smith guilty of contributory negligence it was recognized that it was her obligation to operate her vehicle in a prudent manner and to have respect for other motorists. The court said:
“[W]e first consider the locus in quo upon which there is generally little dispute. We then must consider the testimony of the persons who witnessed the accident, plus the physical facts at the time of and following the accident, in an endeavor to ascertain how the accident occurred. We then must apply the law to the case to determine the responsibility for the accident.”
The court then stated that upon applying the above principles the testimony of both drivers and photographs filed in evidence were replete in showing Mrs. Smith was. guilty of negligence, particularly in that the street to her left was clear for at least 120 feet, and she could have seen the Borchers car which was proceeding at a moderate speed and, therefore, she could have avoided the collision.
In Theunissen v. Guidry, supra, the plaintiff enjoyed the same type right-of-way as did Mrs. Smith. The court, however, on this occasion held for the plaintiff on the ground that the sole proximate cause of the accident was the negligence of Guidry, and that the negligence of the plaintiff had no causal connection with the accident. Therein the court was asked to consider the following issues:
“(1) What standard of care is imposed upon a driver who approaches an uncontrolled intersection from the right ?
“(2) Was this standard of care complied with by the plaintiff in this case?
“(3) Assuming that this Honorable Court concludes that the plaintiff *748 did not discharge the duties so incumbent upon him as a driver, then the next issue is: Was plaintiff's failure to discharge these duties one of the proximate causes of the collision?”
Theunissen testified that he looked to his left and then to his right and did not see anything; that his speed was within fifteen to twenty miles per hour; and that he was about two car lengths from the intersection when he looked down Howard Street. He had the right-of-way to cross the intersection and availed himself of such. There is no evidence that he stopped at the intersection or committed any act that would have indicated that he was going to accord the right-of-way to traffic proceeding on Howard Street. In commenting on these facts the court said it was true that he did not see tire Guidry .car, but he should have seen it because, according to the physical and evidentiary facts of record, it was within his vision. It was found, however, that it was not shown Theunissen could have avoided and prevented the accident had he seen the Guidry car in the position it was, and under the conditions it was being driven. Guidry testified that he saw plaintiff approaching; that he was going at a moderate speed and could have stopped before entering the intersection; and that he did not stop but entered the intersection and placed his car in plaintiff’s path. Under the circumstances the court found that Guidry was guilty of negligence and that his negligence was the proximate cause of the collision.
It is provided by LSA-R.S. 32:237 that when two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have tire right-of-way, but the driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right-of-way which he might otherwise have. Also, we note that LSA-R.S. 32:121(B), as amended by Act 310 of 1962, states that when two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.
Our original opinion found as an important fact that neither of the drivers involved observed the other vehicle until at, or instantaneously before, the moment of impact. The record likewise reveals that none of the passengers in either car observed the approach of the other vehicle until immediately before the impact. This fact strengthens our finding that the vision of Mrs. Henderson was greatly restricted and tends to substantiate her position that when she entered the highway she believed that it was safe to do so.
In Theunissen v. Guidry the following principle of law was approved by the court:
“The failure to maintain a proper lookout, although a violation of the law, is not necessarily regarded under our jurisprudence as a proximate or contributing cause of every accident. Plaintiff cannot be denied recovery purely upon the basis that he failed to see what he could have and should have seen, unless it is established that such failure has a causal connection with the accident. Travelers Insurance Co. v. Great American Indemnity Company, La.App. 1 Cir., 113 So.2d 815.”
After a careful review of this case we have concluded that our original decree correctly determined the rights of the parties. Although we do not so hold, even if Mrs. Henderson was negligent to a certain degree in failing to see the approach of the Austin car, it is our opinion that this fact alone is not sufficient to defeat her right of recovery. It cannot be said to have been a proximate cause of the accident. Our former decree is, therefore, reinstated and made the judgment of this court.