McBRIDE, Judge.
This case involves a suit for damages sustained by an automobile in a collision with another car in the intersection of Dauphine and Reynes Streets on the afternoon of March 31, 1964; each street is narrow, measuring about 20 feet wide, and of equal dignity; the intersection is uncontrolled by semaphore light signals, signs or other traffic devices. One of the specifications of negligence is that Oalmann (hereinafter called defendant) failed to yield the right-of-way to plaintiff’s vehicle, which was driven by plaintiff’s son; the defense is that young Frisard was guilty of contributory negligence which bars any recovery. Plaintiff appealed from the judgment dismissing his suit
Each driver had an unobstructed view of the intersection long before reaching it; defendant, traveling on Reynes Street toward the river at 20 miles per hour, noticed plaintiff’s car when it was about one-quarter of a block before reaching the intersection. Upon nearing Dauphine Street, defendant observed that plaintiff’s automobile was at the entrance of the intersection and had come almost to a stop, and erroneously believing that Frisard would stop to let him pass, defendant continued onward with the result that his automobile struck plaintiff’s car on its left side in the center of the intersection. Frisard, who was on Dauphine Street proceeding downtown, had been driving at a reasonable rate of speed; he reduced his speed and came almost to a stop. After glancing both left and right and observing no vehicles on Dauphine Street, he started forward and the collision ensued.
The defense of contributory negligence is not made in the alternative, and, of course, this has the effect of admitting defendant’s fault. Defendant’s negligence consisted of not according Frisard, who had reached the intersection a little ahead of defendant and from defendant’s right, the right-of-way established by state and local law. That leaves the question of negligence on the part of the young driver the sole issue.
Contributory negligence is negligence which contributes to the accident, that is, having causal connection with it and but for which the accident would not have occurred. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869; D & D Planting Company v. Employers Casualty Company, 240 La. 684, 124 So.2d 908; White v. State Farm Mut. Auto. Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338.
The defendant carried the burden of proving all facts necessary to establish the contributory negligence of plaintiff’s son. See Deshotels v. Southern Farm Bureau Casualty Insurance Company, 245 La. 23, 156 So.2d 465; Smith v. Borchers, 243 La. 746, 146 So.2d 793; McCandless v. Southern Bell Telephone & Telegraph Company, 239 La. 983, 120 So.2d 501; McClenaghan v. United States Fidelity & Guaranty Company, La.App., 79 So.2d 373, involving intersectional accidents similar or analogous to the one before us.
LSA-R.S. 32:121(B) provides:
“When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
Section 38-133, Code of the City of New Orleans, in part provides:
“(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.”
Having the right-of-way, Frisard could only be held guilty of negligence constituting a proximate cause of the accident if there had been a dereliction of duty on his part, and from the simple facts of the case we can find none. It is true defend *410 ant’s automobile was in near proximity and could have been seen, but the fact that Frisard did not observe it did not constitute a breach of any duty owed defendant or have causal connection with the accident. Even if Frisard had noticed defendant’s automobile, he still, under the directional right-of-way accorded him by the statute and the ordinance, would have had a perfect right to cross Reynes Street. He had reached the intersection in advance of defendant and in a lawful manner. The general rule is that motorists on right-of-way streets may assume that traffic approaching the intersection from less favored streets will obey the law and yield the right-of-way to traffic on the favored street, and that such motorists can indulge in this assumption until they see, or should see, that the other motorist has not observed, or is not going to observe, the law. Had Frisard seen defendant’s automobile, there was nothing in defendant’s actions or in the manner in which he was driving which would have served to apprise Frisard that defendant would continue forward. Defendant’s speed was moderate, and we gather from his own testimony that he could and would have stopped or reduced his speed but for the fact he thought Frisard intended to permit him to cross the intersection first. Defendant’s failure to respect the law of right-of-way was solely responsible.
Defendant relies heavily on Smith v. Borchers, supra, in which the motorist on the right-of-way street was denied recovery because of her contributory negligence, but a careful reading of the case shows that it was decided on the peculiar facts found therein which are dissimilar to those before us and is not applicable here. Although the plaintiff there had the right-of-way, the facts showed the defendant’s car had already reached and made entry into the intersection. Said the court:
“ * * * at the time of impact, the Borchers car was further into the intersection than the Smith car; that neither driver saw the other before entering the intersection: that both drivers saw each other after they had entered the intersection, and it was too late to avoid the impact.” [Italics ours.]
The judgment appealed from is reversed, and it is now ordered, adjudged and decreed that plaintiff have judgment against the defendants in solido for the full sum of $118.35 with legal interest from judicial demand until paid and all costs of both courts.
Reversed.