CHASEZ, Judge.
This suit arises out of an automobile collision at the uncontrolled intersection of Marshall Foch Street and Lane Street in the City of New Orleans.
On August 24, 1964, the original plaintiffs, Mr. and Mrs. Lee C. Grevemberg, filed suit against defendant, Domenico Paone, for personal injuries suffered by Mrs. Grevemberg, for $10.00 doctor’s bill paid by the community, and for $50.00 deductible paid by the community for property damage.
On September 18, 1964, defendant answered generally denying the allegations of plaintiffs’ petition and further plead that the accident was caused by Mrs. Grevem-berg’s negligence and in the alternative, that she was contributorily negligent.
On February 2, 1965, defendant filed a reconventional demand for damage to his vehicle.
On March 12, 1965, Maryland Casualty Company, the Grevembergs’ collision insurer, intervened for $850.32 property damage.
On April 6, 1965, the petition of the original plaintiffs, the Grevembergs, was dismissed with prejudice, their claim having been settled.
Thus the only claims remaining for trial were Maryland Casualty Company’s intervention, and defendant’s reconventional demand.
Th^ trial court dismissed both claims on the grounds that both parties were negligent and contributorily negligent, and appeals were taken by intervenor Maryland Casualty Company and defendant, Domenico Paone.
Marshall Foch and Lane Streets are each about 60 feet wide and are of “equal dignity.” Both streets are paved and both carry two-way traffic.
The collision occurred about 11:00 o’clock on Sunday morning, March 15, 1964. The weather was clear and dry.
Mrs. Grevemberg was travelling north on Marshall Foch and Mr. Paone was travel-ling east on Lane Street. Both drivers were familiar with the intersection and neither stopped for it.
The testimony reveals that both vehicles were travelling about 20 miles per hour and entered the intersection at approximately the same time. Mr. Paone testified, through an interpreter, on cross-examination, as follows:
“Q. Would you ask the witness is it true that Mrs. Grevemberg’s car was in the intersection when he saw it?
“A. He said both of them were, both of them were together.
“THE COURT
“When he first saw it?
“Q. When he first saw it? Where was Mrs. Grevemberg’s automobile when he first saw it?
“A. He said they both were just were at the entrance of the intersection, but her car was going at a little faster rate of speed and he tried to avoid it, you know, stop but—
*359 “Q. -How fast was he going when he first saw her?
A. About 20.”
The Paone vehicle struck the Grevemberg vehicle on the left front door. The collision occurred in the middle of the intersection, both vehicles coming to rest in the northeast quadrant of the intersection. There were no skid marks.
Counsel for defendant cites the testimony of Miss Nancy Diassellis, an impartial witness, for the proposition that the Paone vehicle had entered the intersection first, and that the Grevemberg vehicle was going at an excessive rate of speed. A reading of her testimony does not support this proposition. Miss Diassellis testified that she viewed the incident from about a quarter of a block away on Lane Street, looking toward the intersection and the rear of the Paone vehicle. She testified that the Paone vehicle had just passed her travelling in the same direction as she was walking, and that her attention was primarily drawn to it because she liked its color. She testified that she did not see the Grevemberg vehicle at all before the collision. This being the case she had nothing on which to base an opinion either as to which car entered the intersection first, nor as to the speed of the Gre-vemberg vehicle.
Mr. James Rafferty, also an impartial witness, had been travelling south on Marshall Foch and had stopped at the intersection, yielding to the Paone vehicle approaching him from his right. From this position he had an unobstructed view of both vehicles. He testified that Mr. Paone was looking at him, and to the best of his recollection did not take his eyes from him at all before entering the intersection.
Mr. Paone testified that he did not see any cars to his left, but neither did he see any cars on his right. He testified that he did not see the Grevemberg car until it was directly in front of him.
“Q. What did he see ? Did he see any cars at his left or his right as he got to the intersection?
“A. He didn’t see anything on his left.
“Q. How about his right ?
“A. Said all I saw was this car and it was right in front of him and there was nothing he could do.
“Q. Now, this was the car from the right?
“A. Yes.
“Q. Was this the car that he subsequently had a collision with?
“A. Yes.
“Q. Now, when did he first see the car that he collided with?
“A. He gives it in feet instead of time. He says about twenty feet.”
Mr. Rafferty was in a position to view both cars, and though he did not particularly notice the Grevemberg vehicle until it entered the intersection, he expressed the firm opinion that, if anything, the Grevem-berg vehicle preceded the Paone vehicle into the intersection.
Mrs. Grevemberg testified that at the intersection she looked first to her right because she knew that any vehicles approaching from that direction had the right-of-way, that her view to her left was limited, from about 20 to 40 feet from the corner, that when she was in the intersection she glanced to her left, and this is when she first saw the Paone vehicle bearing down on her at which time there was nothing she could do to avoid the collision.
Mr. Paone’s negligence consisted of not according Mrs. Grevemberg the right-of-way established by state and local law:
LSA-R.S. 32:121(B) provides:
“When two vehicles enter an intersection from different highways at .ap *360 proximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
Section 38-133, Code of the City of New Orleans, in part, provides:
“(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.”
We do not believe that Mrs. Grevemberg was guilty of contributory negligence under the facts of this case. She had the directional right-of-way accorded to her by the above quoted statute and ordinance, and had a perfect right to cross Lane Street. Had she seen Mr. Paone’s vehicle, there was nothing in the speed or manner in which it was being driven to indicate to Mrs. Grevemberg that it was going to violate her right-of-way. To hold Mrs. Grevemberg contributorily negligent under these facts is to render directional right-of-way meaningless.
This court has had several occasions to deal with directional right-of-way recently. Sec Frisard v. Oalmann, La.App., 175 So.2d 407; Musco v. General Guaranty Insurance Company, La.App., 181 So.2d 881, handed down January 10, 1966 and not yet reported; Hatfield v. Bernos, La.App., 182 So.2d 702, handed down this same day.
For the foregoing reasons, it is ordered that the judgment of the court below in favor of Mrs. Marjorie Kurucar, wife of, and Lee C. Grevemberg, and against Do-menica Paone, dismissing the reconventional demand of Domenico Paone be affirmed; it is further ordered that the judgment of the court below dismissing the intervention of Maryland Casualty Company be reversed, and judgment on said intervention be rendered in favor of Maryland Casualty Company and against Domenico Paone in the full sum of $850.32; all costs of this appeal to be borne by defendant-appellant, Domenico Paone.
Affirmed in part, reversed in part, and rendered.