REGAN, Judge.
Plaintiff, Samuel E. Pons, filed this suit against the defendants, Isabelle Vititoe and her liability insurer, Allstate Insurance Company, endeavoring to recover the sum of $223.13, representing property damage to his truck incurred in an intersectional collision with the insured’s vehicle, which plaintiff asserts was being negligently operated by Herbert Vititoe, minor son of the insured, in that he entered the intersection at an excessive rate of speed.
The defendants answered and denied their driver’s negligence, asserting the proximate cause of the accident was plaintiff’s failure to yield the right-of-way and to maintain a proper lookout. In the alternative defendants pleaded that the contributory negligence of the plaintiff barred his recovery.
From a judgment in favor of plaintiff as prayed for, the defendants have prosecuted this appeal.
The record discloses that the accident from which this litigation arises occurred in the intersection of Marshall Foch and Kenilworth streets in the City of New Orleans. Marshall Foch accommodates traffic moving in both a northerly and southerly direction, or lakeward and river-ward. Kenilworth Street accommodates east and westbound traffic, and, of course, is perpendicular to Marshall Foch where it intersects it. The respective roadways are not regulated by any traffic controls.
Plaintiff testified that moments prior to the accident he was driving his truck in Marshall Foch in a northerly or lakeward direction. When he reached the intersection of Kenilworth he slowed his vehicle to observe traffic conditions and noticed a vehicle stopped therein to his left. He then looked to his right and testified he could see for a distance of about 100 yards or one city block and that no vehicle was approaching in Kenilworth from his right. Having made these observations, he then shifted into first gear and entered the intersection. Suddenly, he recounted, he saw the Vititoe vehicle in the intersection six feet in front of his truck, having entered therein from his right at what he, in effect, guessed to be an excessive rate of speed. He applied his brakes but did not have sufficient time to avoid the accident. The collision ocurred in the lane of traffic in which Vititoe had been traveling, i. e., the lane designated for westbound traffic on Kenilworth. The right front fender and bumper of plaintiff’s truck struck the left front door of the Vititoe automobile. After the impact, the defendant’s vehicle traveled forward and to the right and came to rest in a vacant lot. Predicated upon the forward motion of the Vititoe vehicle after the impact, the plain *343 tiff concluded that the operator thereof had been driving at an excessive rate of speed. A guest passenger in the plaintiff’s vehicle testified substantially to the same sequence of events, explaining that he too did not see the vehicle approaching from his right but that the operator thereof must have been speeding immediately before the impact.
Vititoe conversely testified that he was driving westward in Kennilworth at a speed of between 15 and 20 miles per hour prior to the accident. As he neared the intersection of Marshall Foch he noticed the plaintiff’s truck to his left. Since it slowed down considerably, Vititoe assumed that the plaintiff would yield the right-of-way and then drove into the intersection. When he finally realized that the truck was not going to stop, it was too late to avoid the accident. Vititoe explained that the truck struck the door next to which he was sitting and the impact knocked him to the right, causing him to lose control of his car temporarily. He did not regain control thereof until it had hurdled the curbing and entered a vacant lot near the intersection.
From the foregoing evidence, the trial court concluded that the proximate cause of the accident was the negligence of the defendant driver in entering the intersection at an excessive rate of speed.
The only question which this appeal has posed for our judgment is whether that finding of fact is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.[1]
 In our opinion a proximate cause of the accident was the plaintiff’s failure to yield the right-of-way to the vehicle approaching from his right. It is well settled that when two vehicles approach an uncontrolled intersection, the driver of the vehicle on the left should yield the right-of-way.[2] In this case, plaintiff in slowing his vehicle as he approached the intersection lulled the favored driver into assuming that plaintiff would yield as the law requires. In any event, he accelerated his automobile and drove into the intersection, either because he failed to see the vehicle approaching from his right, or, having seen it, assumed he could beat it across the intersection although he did not possess the right-of-way. In either event plaintiff’s negligence was a factor contributing to the occurrence of the accident.
In reaching this result we have discounted the testimony of both plaintiff and his passenger to the effect that no car was approaching in Kenilworth to plaintiff’s right immediately before entering the intersection. To accept this as a fact we would have to subscribe to the theory that the defendant vehicle traveled a distance of more than 300 feet in the few moments that it took the plaintiff’s truck to travel across one traffic lane. In Rhodus v. Allstate Insurance Company,[3] this Court was requested to supply a presumption of incredible speed from testimony that one car traveled several feet while the other traveled a distance of one-quarter block or 75 feet. In discussing the testimony we said in part:
“ * * * Mrs. Alfonso’s testimony that she saw the other car one-quarter of a block away is just as incredible and un *344 believable as that of young Rhodus. It is inconceivable that the Dombourian car traveled a distance of one-quarter of a block in the short space of time consumed by Mrs. Alfonso to barely start the arc of her right turn. * * * ”
Having concluded that the plaintiff’s negligence was a proximate cause of the accident, his suit shall be dismissed.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff’s suit be dismissed at his costs.
Reversed and rendered.

. Sizeler v. Southwestern Fire & Casualty-Company, 105 So.2d 746, 748 (La.App.1958).

. Frisard v. Oalmann, 175 So.2d 407 (La.App.1965); Grevemberg v. Paone, 183 So.2d 357 (La.App., 1966).

. 192 So.2d 226 (La.App.1966).