BAILES, Judge.
Plaintiffs, husband and wife, bring this action to recover damages, both special and general, sustained in a vehicular collision between the plaintiffs’ passenger car and the truck of Killian Kupper. The defendants are Kupper and his liability insurer, Travelers Insurance Company. Consolidated with this case is the companion case of Selders v. Travelers Insurance Company et al., 223 So.2d 227. The plaintiff therein was a guest passenger in the Deamer automobile, and the defendants are Travelers Insurance Company and Allstate Insurance Company, the latter being the liability insurer of the host driver, Mamie Deamer, *225 wife of Huey P. Deamer. Our determination of the issues will control in both cases, but separate decrees will be rendered.
In both suits, Travelers Insurance Company instituted third party action against third party defendant, Jan Futch on the ground that horticultural plants of Futch on the quadrant of the intersection between the vehicles of Deamer and Kupper, as each approached the other at the situs of the accident, made the corner blind and that such planting was in violation of Ordinance No. 944 of the parish council of East Baton Rouge Parish, and particularly in violation of Section 1602.3(e) of said ordinance. Third party plaintiff sought to recover from third party defendant his virile share of any judgment awarded plaintiffs in each suit.
The defendants in both principal demands answered with general denials of negligence on their part and, alternatively, pleaded contributory negligence on the part of their respective suitors. The third party defendant answered denying liability. Judgments were rendered in favor of the Deamers against Travelers and Kupper for personal injury and property damage and in favor of Annie Mae Selders against Travelers for the personal injuries she sustained. Allstate was dismissed, as were the demands against the third party defendant. Travelers and Kupper have appealed.
The collision occurred at the intersection of Sunnybrook Drive and North Ridge-wood Drive, two, eighteen foot wide, blacktop, residential streets in the City of Baton Rouge. The Deamer Chevrolet was being driven south on Sunnybrook and the Kup-per pick-up was approaching from the east, traveling in a westerly direction of Ridgewood. The intersection was uncontrolled and, on the northeast corner, property owned by Jan Futch was planted with trees and shrubs. The Kupper truck struck the left side of the Deamer vehicle at a point near the western edge of the northeast quadrant of the intersection, the Deamer car being in the center of Sunny-brook at the moment of impact.
Kupper testified that he was driving at 10-15 MPH as he approached Sunnybrook and that his view of that street to the north was obstructed by the plants on the Futch property until he was approximately 20 feet from the eastern edge of the intersection at which point he could see some 40 feet to the north, however, from the photographs in evidence it appears he had a view of a much greater distance. He did not see the Deamer Chevrolet until he was in the intersection and at that time it was only 15-20 feet away.
Mamie Deamer, driver of the other vehicle, testified that she discharged a passenger approximately one block north of the intersection and had accelerated to a speed of 15 MPH by the time she reached the intersection. She had another passenger to discharge just south of the intersection. She looked to her left before entering the intersection but did not see the Kupper vehicle approaching.
Several passengers in the Deamer automobile also testified. They were unaware of the circumstances surrounding the accident except to recall the speed of the Deamer vehicle as being 20-30 MPH. The police officer who investigated the accident testified that Mrs. Deamer told him that she was traveling 35 MPH at the time she entered the intersection.
On this appeal, appellants do not deny negligence on the part of Kupper. He was obviously negligent in entering the intersection in disregard of Mrs. Deamer’s right of way as a driver entering the intersection at approximately the same time on his right, LSA-R.S. 32:121, in failing to see the approach of the Deaitier vehicle, and in failing to take proper precautions when he found his view obstructed. Appellants contend, however, that recovery by the Deamers is barred by Mrs. Deamer’s contributory negligence in traveling at an excessive rate of speed and in failing to maintain a proper lookout to her left. We are unable to find merit in either of these contentions.
*226 It was established that though there was no posted speed limit on Sunnybrook, parish ordinance limited it to 25 MPH. Appellants vigorously contend that the record establishes that Mrs. Deamer was traveling at 35 MPH and was thereby negligent. The testimony in the record is conflicting as to the speed of the Deamer vehicle at the time of the accident, but we feel that it probably was slightly over the 25 MPH limit. However, though there was a technical violation of the speed limit, there is no showing that this violation was a contributing cause of the accident. Wascom v. Varnado, La.App., 209 So.2d 72; Whittington v. Gully, La.App., 164 So.2d 57. In our view, the accident would have happened, due to the negligence of Mr. Kupper, even if Mrs. Deamer’s speed had been within the limit. Thus, the speed of the plaintiffs’ vehicle was not a contributing cause of the accident and the negligence per se resulting from violation of the speed ordinance is not actionable.
Nor can we find negligence constituting a contributing cause of the accident in Mrs. Deamer’s lookout. Her failure to observe the approaching Kupper vehicle in no way contributed to the accident because even if she had seen it, under the directional right of way granted by LSA-R.S. 32:121, she had the right to enter the intersection under the assumption that the motorist on the less favored street would yield to her preferred position and right of way. Nothing in Kupper’s manner of driving would have indicated that he was not going to obey the law in this respect. Frisard v. Oalmann, La.App., 175 So.2d 407; Henderson v. Austin, La.App., 157 So.2d 745; Theunissen v. Guidry, 244 La. 631, 153 So. 2d 869; see also, Gautreaux v. Southern Farm Bureau Casualty Company, La.App., 83 So.2d 667. Therefore, her entry into the intersection was reasonable under the circumstances and, as between the two drivers, the resulting collision can only be attributed to the failure of the defendant driver to exercise the degree of care required of him.
There was no showing of contributory negligence on the part of Annie Mae Seld-ers. Thus, we find that plaintiffs are entitled to recover their damages from Travelers and Kupper. The quantum of the awards made by the trial court are not questioned and are amply supported by the record.
There remains only the question of liability on the part of the third party defendant, Jan Futch. His alleged negligence consists in planting trees and shrubs on his property on the northeast corner of the intersection within 25 feet of that corner. Such planting is prohibited by East Baton Rouge Parish Ordinance #944, § 1602.3 (e), to wit:
“(e) No pedestal signs, billboard, shrub or other obstruction shall be placed on any corner lot so as to obstruct or obscure vision across a triangular area of the corner lot, defined as follows:
Starting from the corner of the lot at the street intersection measure twenty-five (25) feet along each lot property line from the corner and connect the two points thus obtained with a third line to form the triangle of vision. Where corners are curved or not square, this rule shall be so interpreted as to provide not less clear sight distance than is obtained for. square lot corners.”
It was established both verbally and by photographs that Mr. Futch had, indeed, planted on his property to its very boundaries, thereby obstructing to some degree the triangle of vision required by the cited ordinance.
It is well established that violation of a statute or ordinance is negligence per se and the violation may constitute actionable negligence if the negligence is found to be a legal cause of the injury sustained by the plaintiff. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298.
To constitute legal cause the negligence per se attributable to the third party *227 defendant must be a cause-in-fact of or substantial factor in bringing about the accident. From the testimony in the record and photographs introduced into evidence we cannot find that such was the case.
Defendant Kupper testified that 20 feet from the intersection he could see 40 feet north on Sunnybrook. The photographs lead us to the conclusion that both of these figures are underestimated, especially the latter. We find that any momentary obstruction of Kupper’s view by the Futch plants was not a factor in causing the collision. The defendant driver could have and should have seen the approaching Deamer vehicle from a point far enough east of the intersection to safely bring his truck to a stop in time to avoid the collision. It was only his failure to look or to see what he should have seen that caused the accident. Any negligence on the part of the third party defendant is not actionable inasmuch as it was not a legal cause of the accident.
For the foregoing reasons the judgment appealed from is affirmed at appellants’ costs.
Affirmed.