BLANCHE, Judge.
This is an appeal by plaintiff from a judgment dismissing his suit for damages against defendants, resulting from personal injuries sustained by his minor son who was struck by an automobile being driven by defendant, Silas Kennedy. We affirm.
The record establishes that the accident occurred around nine o’clock P.M. on August 15, 1969, on a dark, clear night. Plaintiff’s minor son, Bruce Larue Kemp, by his own testimony was walking on the paved surface of the northbound lane of Louisiana Highway 62 as that highway passes- through the small community of Pine, Louisiana. Plaintiff’s son, age sixteen years at the time of the accident, was walking in a northerly direction in the highway accompanied by other teen-age peers, and more significantly, James M. Hopgood, who was walking on Bruce La-rue Kemp’s right side in an area encompassing at least the easternmost foot in width of the northbound lane of Louisiana Highway 62. Bruce Larue Kemp testified that he was walking on the p'aved surface at least two feet from the eastern edge of the highway. Louisiana Highway 62 was described by the investigating Louisiana State Police officer, Trooper Kenneth R. Wagner, as a two-lane, hard-surfaced road approximately twenty-four feet in width.
Defendant, Silas Kennedy, was operating his automobile at a speed, according to him, of thirty to thirty-five miles per hour in a northerly direction and in the northbound lane of Louisiana Highway 62 with the headlights on. Mr. Kennedy testified that he was temporarily blinded by the headlights of two to three automobiles which entered the southbound lane of Louisiana Highway 62 approximately two hundred yards to the north of him. He said that he did not notice any of the boys walking in the roadway until he was about twenty to twenty-five yards therefrom, whereupon, he slammed on his brakes but was unable to avoid striking young Kemp. The investigating police officer established the point of impact at a point where the skid marks left by the Kennedy vehicle “skipped,” and further determined that the Kennedy vehicle proceeded only ten to fifteen feet further north after striking the Kemp youth. The investigating police officer estimated the damage to the Kennedy vehicle at $100.
Bruce Larue Kemp testified that he did not know the Kennedy vehicle was behind him until he heard someone holler a warning just a second or so before impact. He further testified he did not see the. headlights of the Kennedy vehicle because the *775 headlights of oncoming vehicles were blinding him. This testimony is significant because it shows the continued presence of the vehicles testified to by Mr. Kennedy and the location thereof at least somewhat further north of the point of impact immediately prior thereto. Bruce Larue Kemp admitted there was nothing to prevent him from walking along the western edge of Louisiana Highway 62 or in the southbound lane thereof, as a pedestrian is required to do where there are no sidewalks provided, LSA-R.S. 32 ^ló.[1]
In support of the judgment dismissing the suit, the trial judge indicated in Written Reasons for Judgment his finding of no negligence on the part of defendant, Silas Kennedy. Thereafter, a limited new trial was granted at the request of plaintiff, whereupon the investigating police officer testified that subsequent to his testifying initially in the trial he ascertained that there were posted to the north and to the south of the area where the accident occurred speed limit signs indicating a speed limit of twenty-five miles per hour. Trooper Wagner also indicated in his subsequent testimony that he examined the back of one of the signs and noted a date written thereon of “September 12, 1968,” which, of course, antedates the date of the accident. The testimony of Trooper Wagner is not definitive, however, as to when he made this observation of these two signs. Moreover, the officer testified that he checked the accident scene on the night of the accident and also on the following day, both to the north and to the south of where the point of impact occurred, and saw no speed limit signs.
The trial judge indicated in refusing to alter his judgment in favor of defendants dismissing the suit following the elicitation of this additional evidence that the evidence was unclear that the speed limit was indeed twenty-five miles per hour at the time of accident and not thirty-five miles per hour. Moreover, the trial judge indicated in any event that plaintiff was not entitled to recover, even assuming the speed limit was twenty-five miles per hour at the time of the accident, under the last clear chance doctrine.
It is clear that the doctrine of last clear chance is not available to a plaintiff motorist or pedestrian in an action for damages as a result of a collision where there is no evidence of any negligence on the part of the defendant, David v. Home Insurance Company, 268 So.2d 155 (La.App. 1st Cir. 1972), writ not considered, 263 La. 993, 270 So.2d 125. The burden of proof, of course, rests with the plaintiff to establish negligence on the part of the defendant motorist, and we cannot say from our review of the record that the trial judge was manifestly erroneous in finding the evidence of a reduced speed limit of twenty-five miles per hour probative so as to warrant a finding that Mr. Kennedy was guilty of negligence in proceeding at a rate of speed in excess of the posted speed limit. In this connection it must be remembered that the trial of this case commenced on November 8, 1971, or more than two years following the date of the accident. The investigating state trooper testified that he saw no speed limit signs either to the north or to the south of the accident scene on the night of the accident or on the following day. The mere fact that the officer at least two years later detected for the first time the presence of speed limit signs, on the back of at least one of which was written a date, “September 12, 1968,” does not necessarily establish that the speed limit was indeed twenty-five miles per hour in the area where the accident occurred on August 15, 1969. No evidence was offered by plaintiff in connection with *776 the partial new trial to establish with certainty that one or both of these twenty-five mile per hour speed limit signs were indeed installed by the Department of Highways prior to the occurrence of the accident.
Even assuming arguendo that the speed limit was twenty-five miles per hour at the time of the accident, so that Mr. Kennedy would have been exceeding the posted speed limit by five to ten miles per hour, nevertheless, we are satisfied from our review of the record that plaintiff cannot recover under the doctrine of last clear chance considering the particular fact situation involved herein.
It is clear that the Louisiana last clear chance doctrine applies to an accident when (1) the plaintiff was previously in a position of peril of which he was apparently unaware or else from which he could not extricate himself, (2) the defendant discovered, or could reasonably have observed, the plaintiff’s peril, and (3) thereafter, the defendant could have reasonably avoided the accident. See Belshe v. Gant, 235 La. 17, 102 So.2d 477 (1958); Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Rottman v. Beverly, 183 La. 947, 165 So. 153 (1935); Price v. Watts, 215 So.2d 187 (La.App. 3rd Cir. 1968); Venero v. State Farm Mutual Automobile Insurance Company, 196 So.2d 841 (La.App. 3rd Cir. 1967), writ denied, 250 La. 892, 199 So.2d 913.
In the instant appeal, the evidence clearly shows that the defendant motorist could not reasonably have observed plaintiff’s minor son’s danger in time to reasonably avoid the accident, inasmuch as the evidence clearly shows that defendant was temporarily blinded by the headlights of oncoming traffic. Plaintiff has failed to establish any negligence on the part of defendant motorist insofar as his failing to keep a proper lookout. The only possible negligence on the part of defendant would be traveling at a speed in excess of the posted speed limit. Assuming that such technical violation of the assumed speed limit were indeed negligence under these circumstances,[2] nevertheless, defendant, by virtue of being temporarily blinded by the lights of oncoming traffic, did not have the last clear chance to avoid the accident.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiff-appellant.
Affirmed.

. LSA-R.S. 32:216, in pertinent part, provides as follows:
“B. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction. Acts 1962, No. 310, Section 1.”

. It might very well be that defendant motorist’s exceeding the posted speed limit by no more than five to ten miles per hour under these circumstances would not constitute actionable negligence if the accident would reasonably have occurred even if he had been proceeding within the assumed speed limit, cf., Deamer v. Travelers Insurance Company, 223 So.2d 224 (La.App. 1st Cir. 1969).