GULOTTA, Judge.
Defendants, as third party plaintiffs, appeal from a judgment dismissing their third party demand against the City of New Orleans in a tort suit in which they (defendants) were cast for damages sustained by plaintiff as a result of an in-tersectional collision. On appeal, defendants do not dispute their negligence or contest the quantum of damages awarded, but contend that the trial judge erred in dismissing their third party demand against the City of New Orleans for contribution to the extent of one-half the amount for which they were cast. The thrust of defendants’ appeal is that the failure of the City to replace a missing stop sign at a controlled intersection, after reasonable notice, constitutes negligence which was a proximate cause of the accident.
In reasons for judgment, the trial judge in dismissing the third party demand stated that the absence of the stop sign was not a proximate cause of the accident. We agree. Accordingly, we affirm.
The intersectional accident occurred on March 20, 1972, just after 6:00 p. m. when the defendant, Melvin Scott, traveling north on Pauline Street struck an automobile driven by the plaintiff traveling west on N. Galvez.
According to Scott, before he made a left turn onto N. Galvez, he either slowed down or stopped and looked in both directions before proceeding. In explaining how the accident happened, Scott testified that the view to his right for a distance of slightly more than one-half block, east of the intersection, was obstructed by a tree, a house, and perhaps a vehicle parked to his right on N. Galvez Street. The plaintiff corroborated the fact that both his and the defendant’s view may have been obstructed by a parked flat bed truck.
Testimony adduced at the trial revealed that the intersection was normally a controlled one with a stop sign facing Pauline Street. A resident of the neighborhood testified that the sign had been missing for about two months prior to the day of the accident. An assistant traffic engineer for the City of New Orleans testified no notice had been received by the City that the sign was missing, and had such notice been received, the sign would have been replaced within eight hours.
In support of their contention that the City was negligent in failing to replace the missing stop sign at the intersection, defendants (third party plaintiffs) maintain that the City had constructive notice since the sign had been missing for approximately two months prior to the occurrence of the accident. On the other hand, the City contends that it had no actual notice and, therefore, did not breach any duty in failing to have the sign replaced. More importantly, however, the City contends that even if its failure to replace the sign within the two month period was negligence, that negligence was not a proximate cause of the accident.
Closely related to the question of proximate cause vis a vis the City of New Orleans is the fact question whether Scott stopped at the intersection before entering Galvez Street or whether he merely slowed down. In concluding that the absence of the stop sign was not a proximate cause of the accident, the trial judge did not state in his reasons for judgment whether he found that Scott had stopped or that he merely slowed down when he approached the intersection. In either event, ample evidence exists in the record to support his conclusion on proximate cause.
If the trial judge determined that Scott stopped at the intersection, the defendant did that which was required if the stop sign had not been missing. In such instance, presumably the presence of the stop sign would not have made any difference. On the other hand, if the trial judge concluded that Scott merely slowed down at the intersection and did not come to a complete stop, ample evidence exists to support the conclusion that the proximate cause of *735 the accident was Scott’s failure to see that which he should have seen. Scott candidly admitted his view to the right (the direction from which plaintiff was moving) was obstructed by a tree, a house and perhaps a vehicle parked on Galvez Street. Plaintiff stated that his view of Scott also was obstructed by a “flat bed truck.” If Scott, had entered the intersection after observing that no traffic was approaching on Galvez Street, the accident would not have occurred, irrespective of whether defendant stopped or merely slowed down.
However, it is logically arguable that if the stop sign had been in place, Scott presumably would have exercised greater caution in approaching the intersection after coming to a complete stop, and would have entered the intersection more cautiously, thereby averting the accident. This argument is supported by the presumption that a motorist entering a controlled intersection will obey all traffic signals.[1]
 This contention might have merit except for the fact that plaintiff’s vehicle was approaching the intersection on Galvez Street from the defendant’s right. In such instance, when two vehicles approach an uncontrolled intersection, the vehicle approaching from the right has the right of way, and the motorist on the left must yield. Pons v. Vititoe, 216 So.2d 341 (La.App. 4th Cir. 1968). Therefore, whether the intersection was controlled or uncontrolled, Scott had the duty to enter the intersection with caution and to accord to plaintiff the right of way. The record is clear that Scott failed to do so. The testimony of defendant and plaintiff convincingly demonstrates that the accident was caused because of Scott’s failure, before entering the intersection, either to ascertain that no traffic was approaching on Galvez Street behind the obstruction or to accord to plaintiff the right of way.
We conclude, therefore, whether Scott stopped or slowed down, whether the stop sign was in place or not, the accident was caused solely because of Scott’s negligence. Under these circumstances, the absence of the stop sign was not a proximate cause of the accident. The judgment is affirmed.
Affirmed.

. Funderburk v. Temple, 268 So.2d 689 (La.App. 1st Cir. 1972).