GLADNEY, Judge.
Plaintiff has appealed from a judgment rejecting his demands for damages resulting from an automobile collision which occurred near the intersection of West 62nd and Wallace Streets in Shreveport December 2, 1965. Made defendants were H. B. Swan and his liability insurer, Allstate Insurance Company.
The accident occurred after dark at which time a light rain was falling. At the intersection West 62nd runs east and west and is surfaced with asphalt 22 feet in width. Wallace Street forms a T-intersection entering West 62nd Street from the south. A stop sign located at the southeast corner of the intersection faces traffic approaching West 62nd from Wallace, thus West 62nd is the superior of the two streets. Pryor’s automobile, while engaged in a left-turning maneuver from Wallace into West 62nd, was struck by a car driven by Roger Swan, a minor, who was driving east on West 62nd and engaged in passing another eastbound vehicle being driven by Bobby Doles.
The trial court held both drivers were negligent, finding that Pryor attempted a left turn when it was unsafe to do so, and that Swan was at fault in attempting the passing maneuver near the intersection. The issues which are primarily of a factual nature must be resolved from conflicting testimony and the available physical evidence.
The point of impact between the vehicles was in the north lane of West 62nd slightly west of an extension of the west line of Wallace Street. The two cars came to rest each facing north. The right rear end of the Pryor Buick automobile was approximately at the place of impact. Crushing damage was sustained by the left front portion of the Buick car and the center front of Swan’s Ford automobile. The latter was some seventeen feet west of the Buick. Pryor testified that when he arrived at the intersection he came to a *357 stop and observed a single vehicle approaching from the west that was approximately a block and a half away; that he began his left turn to go west on West 62nd and then observed two automobiles approaching from the west in what he regarded as a drag race, both vehicles he estimated to be traveling sixty or sixty-five miles per hour; and that he had completed his turn and brought his car to a stop in the north lane west of the intersection when he was struck by the Swan automobile. Roger Swan and Bobby Doles testified they were traveling eastward at a rate of twenty-five to thirty miles per hour on West 62nd going to their respective homes and that Swan began to pass about two hundred feet west of Wallace Street. Swan testified that when he first observed the Pryor vehicle in the intersection he was driving even with Doles’ car and it was too late to return to his right lane.
Appellant specifies error in the judgment of the trial court in holding plaintiff contributorily negligent and in not finding that the driver of defendant’s vehicle had the last clear chance to avoid the accident. The physical evidence supports the ruling of the trial court that Pry- or was engaged in a left turn and had not completed it when the collision occurred. The position of the two vehicles at rest following the collision refutes the testimony of Pryor that the Swan automobile was traveling at a speed of from sixty to sixty-five miles per hour. This is evidenced by the position of the Swan vehicle sixteen feet west of the point of impact following the collision which indicates the force of the impact caused the Ford automobile to move backwards. These circumstances support the conclusions reached by the trial court. Undoubtedly, we think, Pryor attempted to execute his left turn maneuver without permitting the two vehicles traveling east on West 62nd to pass and wait until the left turn could be safely executed. The driver of the Swan automobile was likewise negligent in attempting to pass the vehicle driven by Doles so close to the intersection.
Appellant’s argument that recovery should be granted him on the basis of the doctrine of last clear chance is without merit. On this plea he has not borne the burden of proving Swan had an opportunity to avoid the accident. Pate v. State Farm Mutual Auto Insurance Company, La.App., 147 So.2d 766 (1st Cir. 1962).
Therefore, the judgment is affirmed at appellant’s cost.