LOTTINGER, Judge.
This is a suit for physical and property damages resulting from an intersectional collision. The petitioners are Harry W. Wascom and his wife, Mrs. Mildred W. Wascom. Defendants are August Emmett Varnado, Sr., and his liability insurer. The Lower Court awarded judgment in favor of the petitioners and against defendants, and the defendants have filed this appeal. The petitioners have answered the appeal seeking an increase in quantum.
The accident in question occurred during the middle of the afternoon of August 24, 1964, in the City of Bogalusa, State of Louisiana. Immediately prior to the accident the petitioner, Harry W. Wascom, was driving his automobile in a westerly direction along Davenport Street, approaching the intersection of East Highland Circle Drive. His wife was a guest passenger riding in the right front seat.
At the same time August Emmett Var-nado, Jr., was driving his father’s pick-up truck along Highland Circle Drive traveling in a northerly direction approaching the intersection of Davenport Street. Mr. Wascom was approaching the intersection from the right of the Varnado vehicle, and young Varnado was approaching the intersection from the left of the Wascom vehicle. At the time young Varnado.was a minor, and was driving the pick-up truck with the knowledge and permission of his father, August E. Varnado. He was on a mission for his father and engaged in the business of picking up garbage.
Mr. Wascom testified that immediately prior to the accident he was traveling at a speed of approximately 20 to 25 miles per hour. Before he reached the position of about 20 to 25 feet east of the intersection he was unable to see the truck driven by young Varnado because of house obstructions. However, upon getting to a point approximately 20 or 25 feet from the intersection, he looked to the left and noticed a pick-up truck some 100 or 125 feet south of him just pulling off as it appeared that a couple of small boys had just jumped on, one on the back and one on the side of the truck. Mr. Wascom continued through the intersection and just as he got a little over halfway of it the truck pulled *74 into the intersection and to its left in an attempt to make a left turn and caught him approximately mid-way of his front fender. Mr. Wascom testified that the truck did not stop before entering the intersection nor did it blow its horn or slow down. The weather was dry, and after the collision his car stopped some six or seven feet over the intersection. Mr. Wascom testified that the truck was going faster than he was, otherwise he would have had ample time to clear the intersection before the truck entered it.
Mrs. Wascom testified substantially the same as her husband. She stated that she did not notice that the truck was not going to stop until the moment of the impact. She stated that instead of stopping it looked like young Varnado “put his foot on the gas and came right on into us.” She said that right before the impact she noticed that he was talking to a boy on the side of the truck. Officer Billy Gill, of the Police Department of Bogalusa, testified that when he arrived at the scene of the accident he found the truck in the middle of Davenport Street and the car was right against the northwest curb headed west, with the truck still against the car.
Although there were certain exceptions and a third party pleading filed in the Lower Court, all of which have been dismissed by the Lower Court, we are not now concerned with these matters. The only questions raised before us are as to the contributory negligence vel non of Mr. Wascom, and the question of quantum of damages. The defendants have admitted negligence on the part of young Varnado.
The Lower Court gave a judgment in favor of petitioners, Harry W. Wascom and his wife, for property damages in the sum of $1805.35. Judgment was rendered in favor of Mrs. Wascom for physical injuries in the sum of $1500.00. The defendants have appealed, seeking a reversal. The petitioners, on the other hand, have answered the appeal seeking an increase in quantum.
There has been introduced into the evidence in this case a City Ordinance of the City of Bogalusa which provides as follows:
“It shall be unlawful to' drive or operate any vehicle within the limits of the various housing projects of the City * * * at a greater rate of speed than 12 miles per hour * * *”
It is urged by the defendants that Mr. Wascom admitted violating the statutes when he testified that he was proceeding at a speed of 20 to 25 miles per hour and that by so violating the statute he is guilty per se of contributory negligence resulting in the accident in question.
At the request of this Court both parties have stipulated that both Davenport Avenue and Highland Park Circle are paved roadways each having a width of 32 feet. Davenport Street is a through street which goes through the Highland Park housing project. Highland Park Circle, on the other hand is not a main thoroughfare running through the project, but is one of the inside, or project, streets.
Tire Lower Court held that the ordinance with regard to the speed limit within housing projects was probably intended to cover Highland Park Circle in the present case and other inside streets, but not the main thoroughfares that run through these projects. In so holding, the Lower Court said: “This is not an ordinance designed to> protect life and property on streets and highways but intended to protect life and property within the limits of the various projects with the limits of the City, such as Highland Circle Drive.”
The Bogalusa City Code, Section 21-39, provides as follows:
“Every driver of a vehicle approaching the intersection of a street shall grant the right-of-way at such intersections to any vehicle approaching from his right, provided that whenever police officers are stationed, they have full power to regulate traffic, and provided further that where traffic control light signals are in *75 operation, such signals indicate the right-of-way as provided by Section 21-61 hereof, and provided further that where authorized signs are placed in accordance with Section 21-4, indicating the right-of-way, such signs control the right-of-way.”
A similar rule is set forth in Title 32, Section 121 of the Louisiana Revised Statutes which provides as follows:
“A. The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.
B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right-of-way to the vehicle on the right.
C. The right-of-way rules declared in Subsections A and B are modified at through highways and otherwise as hereinafter stated in this Part.”
 There is no question but that in the case before us Mr. Wascom had the right-of-way. This is clear because he not only preempted the intersection but he was the vehicle traveling from the right, as provided above. There was, therefore, clearly negligence on young Varnado in entering the intersection with disregard to the right-of-way provided Mr. Wascom without stopping, as well as in his failure to see the Wascom vehicle approaching. The only question remaining as to the cause of the accident was the contributory negligence, vel non on the part of Mr. Wascom in exceeding the speed limits as set forth by the Ordinance of the City of Bogaíusa.
In support of its contention that Mr. Wascom was guilty of contributory negligence, the defendant has cited Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298; and Launey v. Smith, La.App., 192 So.2d 154.
In the Dixie Drive It Yourself System case, the driver of a tractor-trailer violated an existing statute of the State of Louisiana by stopping a disabled vehicle on a main traveled portion of a highway without setting out warning flags or flares. The driver of the tractor-trailer, who had a companion with him, had ample time in which to take necessary precautions to avoid any impending collision by warning approaching motorists of the disabled truck. This he failed to do. In that case, the Supreme Court held that the violation of the statute relative to> the placing of warning signals or' flags, constituted negligence per se which was a substantial factor in bringing about the resulting collision saying: “Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm. Under the circumstances of this case, the negligent conduct is undoubtedly a substantial factor in bringing about the collision if the collision would not have occurred without it. A cause-in-fact is a necessary antecedent. If the collision would have occurred irrespective of the negligence of the driver of the R. C. Cola truck, then his negligence was not a substantial factor or cause-in-fact.” The Lower Court, in its wide discretion held that the negligence of Mr. Wascom in exceeding the speed limit was not such active negligence as to hold him contributorily negligent for the collision in question.
In the Launey case, the Court held that the 30 miles per hour speed by a driver approaching an uncontrolled intersection on the right, in a 20 mile per hour speed zone, constituted a proximate cause of the collision in the intersection. However, in this case, the vehicle entering the intersection from the left had already preempted the intersection when the vehicle approaching from the right was about 50 or 60 feet away from the intersection, and the Court held that the excessive speed of the automobile approaching from the right prevented the op *76 erator of said automobile from avoiding the collision and that, therefore, his excessive speed was a proximate cause of the accident.
We believe that a case more in point with the instant one is that of Whittington v. Gully, La.App., 164 So.2d 57. In that case Mr. Gully was proceeding on a right-of-way street, whereas Miss Whittington was proceeding along a street which was controlled by a stop sign. Miss Whittington testified that she stopped two or three feet before reaching the stop sign and looked to her left and, seeing no approaching vehicles, eased out into the intersection when she was struck by the Gully vehicle. The incident shows that Mr. Gully was proceeding some 20 to 30 miles per hour in a 20 mile per hour zone. The Court, in that case, said:
“Although Gully was guilty of a technical violation of speed regulation, there is no showing that such violation was a proximate cause of the death of the boy or had causal connection therewith. It is well settled that a spéed slightly in excess of the speed limit is not necessarily a proximate cause of an accident. In making a motorist prima facie- at fault for operation of an automobile in violation of the speed limit, LSA-R.S. 32:227 (then prevailing) provides that this is so- in any accident ‘proximately caused by such operation.’
In the instant case the proximate cause of the accident was not the speed of Gully’s truck, and we believe that the accident would have happened even if Gully had been traveling at exactly the legal rate or even at a lesser speed. Liability does not attach from a mere technical violation of regulations governing the speed of vehicles unless it appears the violation was responsible to some extent for the accident.”
Now in the case before us, there is no question but that Mr. Wascom was on the right-of-way or favored street by virtue of his approach from the right. The Lower Court was of the opinion that the speed ordinance of the City of Bogalusa regulating traffic along streets within a housing project did not apply to Davenport Street because it was a through street going through the housing project. However, even though we were to assume that the ordinance did apply to Davenport Street and therefore the speed limit was 12 miles per hour as provided therein, this would only make Mr. Wascom guilty of a technical violation of the ordinance, under the holding of the Whittington case. In so driving, in such technical violation of the ordinance, Mr. Wascom could not see oncoming traffic to his left until he was some 20 or 25 feet from the intersection at which time he noticed the truck driven by young Varnado at a distance of some 100 to 125 feet away. Mr. Wascom was perfectly safe and within his legal rights in assuming that he would be afforded his right-of-way by the driver of the truck and therefore proceeded into the intersection after which time, and just prior to the collision, it became apparent to him that the truck would not afford him his right-of-way.
At this time he testified that he and his wife noticed that the driver of the truck was not looking for oncoming traffic but was talking to a boy standing on the running board of the truck. It was then too late for Mr. Wascom to take any action to avoid the collision, and we feel that the Lower Court was correct in holding Mr. Wascom free of any contributory negligence. His technical violation of the speed ordinance of the City of Bogalusa was not a proximate cause of the accident. The sole cause of this accident was the negligence of young Varnado in failing to' afford the right-of-way to traffic approaching on Davenport Street, and his failure to- see the approaching Wascom vehicle in time to- take the necessary precautions so- as to avoid the impact.
The defendant contends in the alternative that any judgment awarded Mrs. *77 Wascom personally should be reduced by one-half because of a restrictive release granted by Mrs. Wascom to the liability insurer of Mr. Wascom. The basis of this alternative demand is Harvey v. Travelers Insurance Company, La.App., 163 So.2d 915. However, as we have found no contributory negligence on the part of Mr. Wascom, this demand is without merit.
The Lower Court awarded a judgment in favor of Mr. Wascom in the sum of $1805.35, covering medical expenses, transportation to and from the various doctors’ offices, loss of wages to his wife and repairs to his automobile. Judgment was rendered in favor of Mrs. Wascom for pain and suffering in the sum of $1500.00.
As a result of the accident, Mrs. Wascom sustained contusions of the left breast, left jaw and right hip, and a chipped fracture at the distal end of the proximal phalanx of the left index finger. Her blood pressure was mildly elevated, causing no particular problem, and a state of anxiety developed. She also suffered from hypertension and vertigo or dizzy spells, some gall bladder problem, headaches and hiatal hernia. She was under the care of doctors for a period of some six months, and spent some five days in the hospital.
With regard to the award of damages, considerable discretion should be vested in the Trial Judge, and he should not be upset on appeal unless it is clear from the inadequacy or excessiveness of the award that he abused his discretion. Williams v. The City of Baton Rouge, La.App., 200 So. 2d 420. The award as given by the Court, does not disclose that there was such an abuse of discretion, and therefore, the judgment of the Lower Court will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court is affirmed, all costs of this appeal shall be paid by defendant.
Judgment affirmed.
ELLIS, J., recused.