DOMENGEAUX, Judge.
Plaintiff brought this suit for damages as a result of personal injuries that he sustained when a truck which he was operating was struck from the rear by a truck owned by defendant Falstaff Beverage, Inc. operated by defendant Elrick J. Stelly, an employee of Falstaff, and insured by defendant Bituminous Casualty Corporation. Following a trial on the merits, the district judge found negligence on the part of defendant Stelly but denied plaintiff recovery because of contributory negligence on his part, and plaintiff has appealed to this court.
The accident occurred on Landry Street, a one-way street in the City of Opelousas, Louisiana. At the point which concerns us here, Landry Street has two west bound travel lanes with parallel parking lanes located on either side of the street.
There were no witnesses to the accident and so the only testimony regarding its occurrence was that of the parties.
The plaintiff testified that he was proceeding in a westerly direction along Landry Street at a speed of 15 to 20 miles per hour. He was in the right lane of travel with defendant following at about the same speed in the left lane, some 100 feet behind him. There were a number of people standing or walking beside the parked automobiles, in between them and the right-travel lane of the street. Suddenly one of those persons opened a door directly in plaintiff’s path and he was forced to swerve into the left lane of travel to avoid striking the door. Immediately thereafter an automobile identified only as a “maroon car” pulled out from its parking space directly in front of the aforementioned parked vehicle and drove diagonally across the street into the left-travel lane forcing plaintiff to come to a sudden stop in that lane. Defendant’s truck then collided with the rear of plaintiff’s truck, producing the injuries complained of.
Defendant’s version was substantially the same as plaintiff’s as to the location, and position of the vehicles, with the critical difference that defendant Stelly estimated the distance between his truck and plaintiff’s truck to have been only from eight to ten feet during the entire time preceding the accident. In addition he did not testify *430 regarding the opening of the parked automobile’s door, or the existence of the “maroon car”. The defendant admitted that he never actually saw plaintiff’s truck cross over into his lane, but stated only that he suddenly saw it stopped in front of him, straddling the dividing line between the two travel lanes. He applied his brakes immediately but collided with it anyway, in what he described as a light tap.
The crucial question in determining liability is, of course, what distance there was between the two trucks when plaintiff executed his sudden maneuver into the left lane. The trial judge, who saw and heard the witnesses, concluded that the trucks were much closer than the hundred feet estimated by plaintiff. We cannot say that there is manifest error in this conclusion of fact and we therefore must accept it. With that premise in mind, we concur in the district court’s finding of negligence on plaintiff’s part in that he suddenly changed lanes without first ascertaining that he could do so safely. La.R.S. 32:78(B).
Plaintiff’s testimony regarding the sudden opening of an automobile’s door does not excuse his actions so as to relieve him of negligence. Under the circumstances as described by him, it was reasonably foreseeable that such an event would take place, and as said by the trial judge, he could have stopped in the right lane if he had been maintaining a proper lookout, commensurate with the existing conditions.
Plaintiff argues that even though we find negligence on his part, we should permit his recovery on the basis of the last clear chance doctrine. Thus he points to the fact that defendant Stelly never actually saw plaintiff cross into the left lane as evidence that Stelly was not keeping a proper lookout either, and surmises that had Stelly been keeping a lookout he could have stopped in time to avoid the accident. In view of our concurrence in the trial judge’s conclusion that plaintiff “ * * * must have crossed in very close proximity to the * * * ” defendant’s truck, we must reject plaintiff’s contention. We agree that defendant Stelly was very likely not keeping a proper lookout and that his failure to do so constituted negligence. However, if, as we have found, plaintiff suddenly crossed into his lane of travel and stopped in front of him, he had no chance to avoid the accident and would have had none, even had he been keeping a lookout. The doctrine of last clear chance is therefore inapplicable to this case since by its very name it requires that the defendant have the final opportunity to avoid the accident. Matthews v. Camus Electric Company, La.App., 210 So.2d 189; Pryor v. Allstate Insurance Company, La.App., 201 So.2d 355.
For the above and foregoing reasons the judgment of the district court is affirmed at appellant’s cost.
Affirmed.