255 So.2d 446 (1971)
Louis TALLO et al.
v.
Harry H. JOHNSON et al.
No. 8599.
Court of Appeal of Louisiana, First Circuit.
November 10, 1971.
Rehearing Denied December 20, 1971.
Writ Refused February 11, 1972.
*447 Ben W. Lightfoot, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellants.
Leonard E. Yokum, Jr., of Yokum & Yokum, Hammond, for appellees.
Before LANDRY, BLANCHE and TUCKER, JJ.
TUCKER, Judge.
Plaintiff-appellees, Louis Tallo and his wife, Mrs. Rosalie Tallo, brought this suit against the defendant-appellants, Harry H. Johnson, Paul R. Johnson and their insurer, Indiana Lumbermen's Mutual Insurance Company, to recover property damages to a 1966 model Buick automobile owned by Louis Tallo and for personal injuries to Mrs. Tallo, which allegedly stemmed from a vehicular accident on Range Road one-tenth of a mile south of the city limits of Hammond, La., on November 21, 1967 between 5:30 P.M. and 5:40 P.M. Mrs. Tallo was driving her husband's Buick car south on Range Road, after having turned right at the intersection of Range and State Rte. 1067 (also known as the Old Covington Highway). When Mrs. Tallo reached a point about one-tenth of a mile south of the said intersection she had turned on her left turn indicator and commenced to make a left turn into her driveway on the east side of Range Road. A 1964 model Ford car, owned by Harry H. Johnson, and being operated at the time by Paul R. Johnson, was traveling north on Range Road on its right and proper side of the road, and there was a collision between the two vehicles in the north bound traffic lane. The Tallo car was knocked west across the road into the ditch, and the Johnson car remained on the road surface in essentially the same position as it was when the impact occurred.
The petition of appellees, in addition to certain general allegations of negligence, averred that Paul R. Johnson was specifically negligent in that he was proceeding at an excessive rate of speed, above the posted speed limit of 45 miles per hour, and that his headlights were not turned on at the time the accident occurred, and that these negligent acts on the part of Johnson were the sole and proximate cause of the accident. The defendants countered by averring that the accident was caused solely by the negligence of Mrs. Tallo in making a left turn into the Johnson vehicle's lane of travel when it was not safe to do so, and the defendants point to the substantial onus under the law resting upon a left turning motorist to determine in advance thereof whether such a maneuver can be safely made with respect to both oncoming and following vehicles. The defendants also alleged that the headlights of the Johnson vehicle were in the "on" position when the accident occurred, and that Mrs. Tallo failed to see what she should have seen, and if seeing, she failed to heed the approaching and oncoming Johnson automobile, and continued making her hazardous left turn across the path of the Johnson vehicle. The defendants, therefore, contended the sole, proximate cause of the accident was the negligence of Mrs. Tallo in the foregoing particulars. The defendants also alternatively pleaded the contributory negligence of Mrs. Tallo on the above stated counts.
*448 The trial court rendered judgment in favor of Mr. Tallo for damages to his car, and in favor of Mrs. Tallo for her personal injuries. From this judgment the defendants have prosecuted this appeal.
The testimony elicited by the plaintiffs at the trial comprised that of Mrs. Tallo, her son-in-law, Albert Bignar, Mrs. Gretchen Fitzsimmons Allain and Trooper Huey P. Adams. Mrs. Tallo did not see the vehicle of Mrs. Allain which was proceeding south ahead of her vehicle, as she stated plainly that she did not see any vehicles in front of her, going south or north before the accident, and the only vehicle she saw prior to the accident was one which she saw in her rear view mirror moving south, the same direction in which she was traveling. She was certain that the Johnson vehicle did not have its lights on, but she was uncertain as to the lane of travel in which the accident happened. Mrs. Allain surmised that the defendant vehicle did not have its headlights burning, as she would not have turned left into her driveway some 125 to 150 feet north of the Tallo driveway if she had seen the north bound car, as apparently this, in her estimate, would have posed a danger in negotiating her left turn. Mrs. Allain did not see the accident, and she did not know whether the impact occurred in the north or south bound lanes of travel. She did not know whether the headlights of either or both of the subject vehicles were on after the accident, although she was certain Mrs. Tallo's lights were burning before impact. Albert Bignar, who was standing in his yard some 75 to 80 feet south of the accident site heard the screeching of the brakes on the Johnson car before he actually saw it several seconds before impact. He testified that the headlights of the Johnson car were not on before, and at the time the accident happened. He initially swore that Mrs. Tallo was stationary, preparing to make her left turn at impact, but later said he was unable to state the lane of travel in which the accident occurred for the reason that he was a considerable distance from the scene. State Police Trooper Huey P. Adams recounted that his investigation showed from statements and the physical evidence that there were 96 feet of skid marks laid down by the Johnson vehicle before impact, and this fact, apparently coupled with the considerable damages to both cars, suggested a speed on the part of Paul R. Johnson in excess of 45 miles per hour, the maximum speed limit permitted on parish roads such as Range Road. The officer stated more than once that the impact occurred in the north bound traffic lane. He initially considered the accident to be an ordinary left turning one, until he made another check when he was told the headlights on the Johnson car were off before the accident.
The defendants' case was encompassed in the testimony of Paul R. Johnson and Pat Bankston. Johnton swore that he had his lights on, and that Mrs. Tallo made a left turn across his path in the north bound traffic lane at a time when he could not avoid a collision, despite the reasonable and prudent operation of his car. The stipulated written statement of Pat Bankston, admitted into evidence in lieu of his sworn testimony, reflected that Bankston, who was driving the family car, was stopped at the intersection of Range Road and the Old Covington Highway, headed west, and that he looked south and to his left, and saw what was later identified as the Johnson vehicle proceeding north in its right lane of travel; that he was waiting for this automobile to clear the intersection, when he saw the Tallo car make a left turn into the north bound traffic lane with the resulting collision. Bankston was sure that the headlights on the Johnson vehicle were burning at the time. He said that he and a friend went to the scene, and an elderly man whom he could not identify said he was going to turn off the light switch on the Johnson car, and that the unidentified man did so.
The trial judge, in his dictated reasons for judgment, pitched his decision on the testimony of the witnesses, Albert Bignar and Mrs. Allain, who were found to be *449 closer to the scene of the accident, and, while noting the considerable responsibility resting upon a left turning motorist to ascertain whether such a hazardous and dangerous maneuver can be made with safety in advance of attempting such an operation, the lower court reasoned that the Tallo car was not a left turning one, as "Mrs. Tallo was apparently at a stand still". In the said reasons it was further stated that the Buick car was heavier than the Ford car, although no question was raised in the trial about the differences in the size of the two vehicles. Since the Buick car was knocked to the west side of the road, the Ford vehicle remained essentially at the point of impact, the trooper testified to the 96 feet of skid marks laid down by the Ford prior to impact, and the driver of the Ford car admitted a speed of 50 to 55 miles per hour before the accident, the lower court concluded that the accident was caused by the excessive speed of the Ford car, and the negligence, attending this excessive speed, was the sole and proximate cause of the accident.
No mention is made in the said reasons about the investigating officer's testimony that the accident happened in the north bound traffic lane, nor was there a specific holding that Johnson was traveling without his headlights being turned on.
This court is of the opinion that the record here clearly reflects that Mrs. Tallo had commenced making her left turn, and her vehicle had entered the opposing and north bound traffic lane before the accident. Both vehicles were admittedly light in color, though the Buick was a lighter shade than the Ford. Albert Bignar stated he saw the Ford car several seconds before the accident without the headlights shining. Mrs. Allain did not see any vehicle meeting and approaching her from the south when she made a left turn into her driveway some 125 to 150 feet north of the Tallo driveway, and this witness concluded that she would not have negotiated her left turn had there been a lighted or observable vehicle moving north which would have posed a threat to Mrs. Tallo in entering her driveway. This surmise would not reasonably follow in view of the fact that Mrs. Tallo had to travel south the additional 125 to 150 feet from Mrs. Allain's driveway to her own plus the distance she was driving behind Mrs. Allain before Mrs. Tallo could make her left turn.
Officer Adams did not attempt to estimate the approximate speed of the Johnson automobile prior to the accident except to the extent of his saying that the considerable damage to the respective vehicles (and presumably the skid marks of 96 feet laid down by Johnson) suggested a speed in excess of 45 miles per hour, the speed limit imposed by parish ordinance, and this speed limit not being necessarily posted along this particular roadway. The only finite evidence with respect to the speed of the north bound car comes from the testimony of Paul Johnson who says he was traveling 50 to 55 miles per hour, which is in excess of the technical speed limit. In order for this violation of the speed limit prescribed by the parish ordinance to constitute negligence on the part of Johnson in contributing to the occurrence of the accident, it must be shown that the degree of excess speed was a cause in fact of the collision. The cases are legion which hold that exceeding a fixed speed limit does not constitute contributory negligence where it has no causal connection with the accident in question. See Bailey v. National Surety Corporation, 149 So.2d 669 (La.App. 1st Cir. 1963), application for writ denied, 244 La. 210, 151 So.2d 689; Lemon v. Houston Fire & Casualty Insurance Company, 162 So.2d 127 (La. App. 1st Cir. 1964). In the case of Cole v. Maryland Casualty Company, 205 So.2d 863 (La.App. 3d Cir. 1968), it was held that where a defendant drove his automobile from a private driveway immediately in front of plaintiff's oncoming vehicle, and plaintiff was traveling at approximately 50 miles per hour in a 45 mile per hour zone, and left 87 feet of skid marks before colliding with the defendant car, defendant's *450 insured was negligent and plaintiff was not contributorily negligent. See also Deamer v. Travelers Insurance Company, 223 So.2d 224 (La.App. 1st Cir. 1969); Wascom v. Varnado, 209 So.2d 72 (La.App. 1st Cir. 1968) and Whittington v. Gully, 164 So.2d 57 (La.App. 4th Cir. 1964).
The evidence contained in the record does not justify a holding that the speed of the Johnson vehicle was so excessive as to constitute a causative factor in the occurrence of the said accident.
The statutory law with respect to a left turn into a private driveway is covered in the Revised Statutes quoted as follows:
LSA-R.S. 32:104 (A) provides:
No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
It is readily apparent that the burden resting upon a left turning motorist from a highway to determine whether the turn can be made with safety is considerable in degree, and if an accident occurs while the motorist is negotiating such a turn, the duty weighs heavily upon him to explain how the accident occurred, and that he was free from fault in negotiating the turn. A left turn can be made only when it will not endanger oncoming or overtaking traffic. See Estes v. Hartford Accident & Indemnity Company, 187 So.2d 149 (La.App. 2d Cir. 1966); Pryor v. Allstate Insurance Company, 201 So.2d 355 (La.App. 2d Cir. 1967); Huisman v. Southern General Insurance Company, 203 So.2d 404 (La.App. 4th Cir. 1967) and Parish v. Minvielle, 217 So.2d 684 (La. App. 3d Cir. 1969).
Having found that Mrs. Tallo was attempting a left turn when the accident occurred, we turn to a consideration of whether under the circumstances she was justified in commencing this maneuver. The proof concerning whether Johnson's lights were off or on is most crucial to a resolution of this issue. If they were off, she had every right to assume that she could have made her turn in safety. If they were on, then her negligence would have been a proximate cause of the accident, as a result of her turning in the path of an oncoming vehicle. The evidence on this point is in hopeless conflict, and the trial judge failed to resolve the issue. We are unable to determine from the record whether Johnson's lights were off or on, and thus we conclude that plaintiffs have failed to carry the burden of proof that she could have executed her turn in safety. For the same reason, Mr. Tallo's recovery is also barred.
For the above and foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered dismissing plaintiffs' suit at plaintiffs' costs.
Reversed and rendered.