SUMMERS, Justice.
Dave London and his wife, Dorothy J. London, instituted this tort action to recover for property damage and bodily injuries sustained in an automobile accident with James A. Stewart. Dave London sues on his own behalf for damage to his automobile, being driven by his wife, and as head and master of the community for medical expense incurred due to injuries which his wife sustained. Dorothy J. London sues for her personal injuries, pain and suffering, and also as natural tutrix for and on behalf of her minor daughter, Linda G. Joseph, issue of a former marriage, which child was a passenger in the vehicle being driven by Dorothy J. London.
The negligence of defendant James A. Stewart is alleged; and, he being uninsured, judgment is also prayed for against Signal Insurance Company under the uninsured motorist clause of the automobile public liability and property damage policy insuring the automobile of Dave London. Stewart answered and filed a reconven-tional demand and a third party petition *581 against Dave London, Dorothy J. London and Signal Insurance Company claiming damage to his automobile.
On July 17, 1970, Dorothy J. London was driving a 1967 Chevrolet 4-door sedan in a northerly direction on Scenic Highway approaching its intersection with Swan Street in the city of Baton Rouge. She was enroute to Southern University where she was employed. Her minor daughter, Linda, was riding in the right front seat. Scenic Highway is a four-lane thoroughfare with two northbound lanes separated from two southbound lanes by a narrow median strip. Swan Street is a two-lane street running east and west. The topography at the intersection is level and smooth. It was about 5:20 in the afternoon, a steady rain was falling, and the street surface was wet. A traffic signal light hangs at the center of the intersection.
As Dorothy J. London approached the intersection, traveling in the inside northbound lane of Scenic Highway, the defendant James A. Stewart was approaching the same intersection from the north traveling on the outside southbound lane of Scenic Highway. About the same time, Gloria H. Winn reached the intersection in her 1964 Chevrolet traveling east on Swan Street. She stopped, waiting for the light to change from red to green.
Dorothy London proceeded into the intersection and turned abruptly left, driving across the intersection toward the westbound lane in Swan Street. At the same time Stewart, traveling within the speed limit at 30-35 miles per hour, and nearing the intersection, observed the London car darting directly across his path. He slammed on his brakes, his car skidded forward, and the right front bumper and fender struck the right rear quadrant of the London automobile at the rear door and fender. The impact precipitated the London car sideways against a third vehicle, the Winn automobile, which was then at a standstill. The left rear fender of the London automobile struck the Winn automobile near the left front door. At all times, until the instant of collision, the signal light was green facing the oncoming Stewart automobile.
As a result Dorothy J. London and her minor daughter Linda sustained personal injuries. The automobile in which they were riding was damaged. Stewart was not injured, but his automobile was damaged.
The trial judge found that Dorothy J. London thought she had time to negotiate the two southbound lanes of Scenic Highway before the Stewart automobile reached that point. He found that “miscalculation and that error in judgment” to be crucial to the case. He considered her actions in attempting this left turn maneuver to be the proximate cause of the resulting damage and injuries. Accordingly, the suit of all plaintiffs was dismissed, and judgment was rendered in Stewart’s favor on the re-conventional and third party demand allowing recovery against Dave London, Dorothy J. London and Signal Insurance Company for the damage to his automobile.
After these reasons for judgment were dictated into the record at the conclusion of the trial on March 8, 1972, plaintiffs filed a motion on March-10, 1972 to amend their original petition. This original petition alleged, in the alternative, if the court found Dorothy J. London’s negligence to be the cause of the accident sued upon, Dave London was entitled to recover property damage from Signal Insurance Company because Signal’s policy insured Dorothy J. London as an uninsured motorist. According to the proposed amendment, a typographical error was responsible for alleging a claim for the minor Linda G. Joseph under the uninsured motorist clause. Actually, notwithstanding the representation to that effect, no alternative claim based upon the negligence of Dorothy J. London was alleged in the original petition seeking recovery for the minor under the uninsured motorist clause of Signal’s *582 policy. Nevertheless, defense counsel asserts that the object of the proposed amendment was to allege, in the alternative, that if Dorothy J. London’s negligence were found to be the cause of the accident both Dave London and the minor Linda G. Joseph would be entitled to recover from Signal Insurance" Company, for Dorothy J. London was an omnibus insured under its policy. The motion was denied “exproprio motu” on the same day it was filed. On March 17, 1972, formal judgment was read and signed in the trial court in accordance with the oral reasons previously assigned on March 8.
In the Court of Appeal, 271 So.2d 576, the judgment was affirmed in all respects. The opinion, relying upon statutory authority pointed out that the person making a left turn who sustains an accident in the process must explain how the accident occurred and show his freedom from negligence, citing La.R.S. 32:104(A), 122 and 235 and Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295 (1957). On the question of plaintiffs’ motion to amend, the Court of Appeal simply found the trial judge did not abuse his discretion in denying the amendment.
We agree with the trial judge and the Court of Appeal that Dorothy J. London was negligent and Stewart was free of negligence. Those issues are primarily question of fact, and since credibility of the witnesses was also an issue at the trial, we find no basis for the contention that the trial judge erred in this respect.
However, we granted certiorari principally to review the ruling of the trial judge refusing to allow amendment of plaintiffs’ petition to substitute an allegation that recovery was being sought on behalf of Linda G. Joseph, the minor, in the alternative, under the omnibus clause of Signal’s policy, in lieu of the allegation in the original petition that recovery was being sought under the uninsured motorist clause by Dave London, only, in the event of Dorothy J. London’s negligence.
Plaintiffs’ original petition contained a prayer for recovery on behalf of the minor “against the defendants, James A. Stewart and Signal Insurance Company of Los Angeles, California, jointly, severally and in solido”. And we find the following statement in the reasons assigned by the trial judge at the conclusion of the trial:
The fact that the left turn maneuver of the plaintiff driver was a negligent one will not necessarily preclude Linda G. Joseph from her claim because that negligence is not imputable to her as a guest passenger, and because there was no assumption of the risk, and Linda Joseph had no control of the vehicle. However, if she is to recover, we must find negligence on the part of Mr. Stewart, as no claim was made by the guest passenger against Mrs. London or her insurer.
It is to be noted, also, that the pretrial order filed in the record lists as a contested fact “That James A. Stewart was an uninsured motorist at the time of the accident.” Signal’s policy was' listed as an exhibit in the order, although the authenticity of exhibits was not stipulated. However, in answer to interrogatories, Signal admitted the issuance of the policy to Dave London insuring the automobile in which Dorothy J. London was riding and that the policy contained an uninsured motorist clause. Moreover, the policy was introduced in evidence at the trial and is before us, counsel for Signal having introduced the policy, “specifically that portion at issue, which is the uninsured motorist clause.” The policy contains the standard omnibus and uninsured motorist clauses.
On these facts we are called upon to decide whether the pleadings were enlarged by the introduction of the policy, and, if not, whether the trial judge abused his discretion in denying the motion to amend which would clearly, under the facts found by all courts, permit recovery on behalf of the minor.
*583 Articles 1151 and 1154 of the Code of Civil Procedure are pertinent to our consideration. They provide:
Art. 1151. A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.
Art. 1154. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the • pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be sub-served thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
Because the policy was in evidence, and the issue of Dorothy London’s negligence was fully litigated by all interested parties, including Signal, probably no additional evidence would have been required to permit an adjudication of Linda G. Joseph’s claim to recover under the omnibus clause of Signal’s policy. Moreover, Dorothy London’s status as an omnibus insured was actually adjudicated when Stewart was permitted to recover against her and Signal Insurance Company in his reconven-tional demand.
Under the facts and circumstances of this case, the injury of the minor Linda G. Joseph having been established, and the ngligence of the driver Dorothy J. London, and her status as an omnibus insured, having also been adjudicated, the only impediment to the recovery of the minor is a technical fault in the pleading. The implication is .strong that there was a trial of the issue of the minor’s claim under the omnibus clause. Thus, according to Article 1154 of the Code of Civil Procedure, an issue not specifically raised by the pleadings was tried by the “implied consent of the parties”; that issue could therefore be treated as if raised by the pleadings. Nevertheless, in our view, under the particular facts and circumstances of this case, the presentation and resolution of the merits of this case will be best subserved by granting plaintiffs’ motion to amend, limited to asserting a claim for the injuries on behalf of the minor under the omnibus clause of Signal’s policy. In keeping with such an amendment, Signal shall have an opportunity to assert its defenses to the claim.
There is no merit in the alternative claim of Dave London seeking recovery against his wife as an uninsured motorist while driving his automobile insured at the time for public liability and property damage.
For the reasons assigned, the judgment denying the motion to amend the pleadings is reversed, and the case is remanded to the trial court to be proceeded with in ac *584 cordance with the reasons assigned; in all other respects the judgments of the trial court and Court of Appeal are affirmed.
BARMHAM, J., concurs.