288 So.2d 374 (1974)
Mrs. Cornelius WRIGHT, Dative tutrix of the minor, Gilbert Lee James
v.
The TRAVELERS INSURANCE CO. and Willie Smith.
No. 5754.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Rehearing Denied February 6, 1974.
*375 Lawrence D. Weidemann, New Orleans, for plaintiffs-appellants.
John C. Combe, Jr., New Orleans, for defendants-appellees.
Before GULOTTA and GAUDIN, JJ., and ZACCARIA, J. ad hoc.
FRANK V. ZACCARIA, Judge ad hoc.
On May 8, 1970, Gilbert Lee James, a minor child of sixteen years of age, was injured while riding his bicycle. He had just entered the intersection of General Ogden and Peach Streets in the City of New Orleans when he was struck by an automobile driven by its owner, Willie Smith.
Suit was filed by the duly appointed dative tutrix of the minor against Smith and The Travelers Insurance Company. Smith was never served, made no appearances, filed no pleadings and, except for his being named as a defendant, is not affected by this litigation. The judgment of the trial judge is silent as to Smith.
The Travelers Insurance Company (hereinafter referred to as "Travelers") is the liability insurer of Mid City Baptist Church (hereinafter referred to as "Church"). In order to fully understand the theory of liability in the part of Church and its insurer, Travelers, advanced by appellant, one must acquaint himself with the facts of the case.
General Ogden and Peach Streets are black topped, two-way, undivided streets. No traffic controls are present. Both are of equal width and dignity. Church occupies or owns the land forming the south east corner of the intersection. Church had permitted weeds to flourish on this property and on the abutting sidewalk area adjoining Peach Street. These weeds obstructed the view of the minor as he rode his bicycle west on Peach Street. Appellants claim that Church violated the ordinances of the City of New Orleans relative *376 to weed control[1] and that the violation of this ordinance establishes negligence on the part of Church. Additionally, and alternatively, appellant urges the noncompliance with Article 667 of the Louisiana Civil Code[2] and contends that this also is a basis for liability.
The lower court dismissed appellant's suit at her cost.
Appellant argues that the violations of the anti-weed ordinances can give rise to actionable negligence if liberally construed within the framework of Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298.
In the latter case a large tractor-trailer type truck stalled on U.S. Highway #61. There was less than fifteen feet of clearance in the opposing lane and no signals or warning signs were displayed by the operator of the truck. A following truck ran into the parked tractor-trailer and in the resulting law suit it was ruled that the operator of the tractor-trailer violated the provisions of Louisiana Revised Statutes 32:231 et seq., which provide for clearance of at least fifteen feet and the placing of warning devices in event of impossibility of providing said clearance. It was further held that said violation was negligence per se.
This holding has been narrowed to mean that violation of an ordinance or statute is negligence per se only if the violation ends in a result intended to be protected or prevented by the said ordinance or statute. See Kinchen v. Hansbrough, La.App., 231 So.2d 700.
The ordinance relied upon by appellant was clearly designed to protect the city and its people from health hazards not related to traffic safety. This is distinguishable from the ordinance relied on in the case of Deamer v. Travelers Insurance Company, La.App., 223 So.2d 224, which said ordinance enacted by the Parish of East Baton Rouge, specifically prohibited the obstruction of vision at intersections with an apparent regard for traffic safety.
Accordingly, we do not agree with appellants contention that the violation of City Ordinance No. 28-30 constitutes negligence in this action.
The argument advanced regarding non-compliance with Louisiana Civil Code Article 667 does not appear to be relevant herein. Said article deals with liability of of one land owner for damage to a neighbor occasioned by the use of his property. Application of said article to these facts is strained and will not be further considered.
The fact remains that Church allowed weeds to grow to a height of five to six feet and these weeds did obstruct the vision of the James boy. This in itself could be a source of liability under Articles 2315 or 2316 of our Civil Code were it not for the patent contributory negligence of the said minor.
On page 40 of the transcript, Officer Hoyt testified that the weeds obstructed both drivers' views.
*377 The James boy testified as follows on page 64 of said transcript:
Q When you looked to your left, how far were you from the intersection, could you estimate it?
A I was about four feet back.
Q How far could you see to your left on General Ogden?
A About a car length.
Q How far could you see to your right?
A I could see all the way down the block.
Q What prevented you from seeing further than a car length at General Ogden?
A The weeds were so tall.
Q Now, did you see the car that hit you before the accident?
A No, I couldn't see it because of the grass.
And on page 73 of said transcript the following appears pertinent:
Q All you did was glance down General Ogden Street and turn to the front?
A Yes, sir.
Q Now, when you saw no cars coming in either direction, did you pick up speed?
A Well, before I had got to the corner, I had slowed down. After I looked, then I started picking up speed.
Q Can you estimate how fast you were going at the time of the collision?
A About five, ten miles an hour.
By his own admission the said minor was guilty of contributory negligence. Under Ordinance No. 38-200 of the City of New Orleans, a bicycle operator is bound by all of the duties applicable to a driver of a vehicle.
In Goff v. Southern Coffee Mills, La. App., 144 So. 513, cited in Emmco Insurance Company v. Guidry, La.App., 139 So. 2d 559 it was held:
The law imposes a duty upon a motorist to approach a blind intersection with extreme caution and ascertain that it is safe to traverse it before even entering therein.
For these reasons the ruling of the trial judge is affirmed.
Affirmed.
NOTES
[1] Section 28-30 of the Code of the City of New Orleans provides as follows:

"Section 28-30. Owners not to permit weeds, trash, etc., on lots, sidewalks, etc.
It shall be unlawful for the owner of any lot, place or area within the city or the agent of such owner to permit on such lot, place or area or upon any sidewalk abutting it any weeds, grass, or deleterious or unhealthful growths or any trash, debris, refuse, discarded or noxious matter that may be growing, lying or located thereon. (C.C.S., Ord. No. 17,329 Section 1; M.C.S., Ord.No. 114, Section 1)."
[2] Article 667 of the Louisiana Civil Code reads as follows:

"Art. 667. Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."