340 So.2d 634 (1976)
Joyce Bennett EVANS, Individually and as the natural tutrix of the minor child, Kevin Kent Weant, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, and the Unopened Succession of James McBroom, et al., Defendants-Appellees.
No. 13060.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
Rehearing Denied January 10, 1977.
*635 Kidd, Katz & Strickler by George M. Strickler, Jr., Monroe, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by Charles H. Heck, Monroe, for defendants-appellees.
Before BOLIN, HALL and JONES, JJ.
En Banc. Rehearing Denied January 10, 1977.
BOLIN, Judge.
A nine-year-old boy was injured when he rode his bicycle into a street intersection and was struck by an automobile entering the intersection from the boy's left. His mother sues, among others, the City of Bastrop's insurer, alleging the city was negligent in failing to keep its right of way and an adjoining property owner's corner lot free of vegetation which obstructed the boy's view and caused the accident. The city filed a motion for summary judgment, alleging the city had no authority or duty to have the high grass and bushes cut; alternatively, that even if the city had this duty the minor was contributorily negligent as a matter of law.
The lower court denied the motion on the first ground but granted the summary judgment upon a finding that the boy was contributorily negligent as a matter of law. Plaintiff appeals and we reverse and remand.
Under Louisiana Code of Civil Procedure Article 966 a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact and that mover is entitled to judgment as a matter of law.
We consider first the question of whether or not the city can be liable for allowing weeds, bushes and other vegetation to grow in the right of way and on a corner lot abutting the street if the height and denseness of the vegetation obstructs the view of persons using the streets at intersections.
The general rule is that a governmental body, having the duty to maintain or repair its streets, will be liable for injuries caused by a condition of which the city has actual or constructive knowledge and which creates an unreasonable danger for persons using those streets in a reasonable manner. This is particularly so if the danger is of a trap-like nature or is unusually hazardous to those using the streets. Arnold v. City-Parish Government, 290 So.2d 763 (La.App. 1st Cir., 1974); Stewart v. Lewis, 292 So.2d 303 (La.App. 1st Cir., 1974); Dupre v. Evangeline Parish Police Jury, 315 So.2d 148 (La.App. 3rd Cir., 1975).
We find the city owed a duty to keep the streets and adjoining shoulders free from high grass and weeds which would obstruct the 9-year-old cyclist's view.
There were in effect two city ordinances relating to noxious weeds and vegetation growing on private property. One ordinance provides that the city shall, after due notice, fine owners of corner lots who allow to remain on their property fences, bushes or other plants in excess of a specified height and within a prohibited distance of the street. The second ordinance requires the property owner to cut and remove noxious and unhealthy weeds; if the owner fails to comply the city is empowered to remove the offending vegetation.
We conclude that the city, by its failure to enforce these ordinances, may have breached its general duty to maintain safe streets. Whether or not the city's failure to take action under these ordinances constituted a breach of this duty can only be answered after a trial in which the factual issue of the existence of a hazardous condition, of which the city had actual or constructive knowledge, is resolved; and a determination of whether or not the hazardous condition caused the accident.
The lower court sustained the motion for summary judgment on the ground that the minor was guilty of contributory negligence. This conclusion was based on the depositions of the mother and son and on the affidavit of the police officer who investigated the accident.
The trial judge considered the boy's age, mental and physical condition, experience in *636 bicycle riding, and familiarity with traffic signals and concluded the boy was capable of contributory negligence. He found it undisputed that the boy looked both to the left and the right but did not see any approaching cars. The boy testified he could see down the street to his left but "not very far though". From the same position in the street the investigating officer had stated there was a clear view of the street for 346 feet.
The lower court found the boy was negligent in failing to see what he should have seen and that he was contributorily negligent in entering the intersection in the path of the oncoming car; that the alleged obstruction caused by high weeds or bushes was not a cause-in-fact or substantial factor in bringing about the accident.
A determination of the issue of contributory negligence should only be made after a trial on the merits with an opportunity for the court to observe the demeanor of the child, his apparent intelligence, and whether he acted in gross disregard of his own safety in the face of known and understood danger to which he exposed himself. Freeman v. Wilcox, 303 So.2d 840 (La.App. 1st Cir., 1975); Kelly v. Messina, 318 So.2d 74 (La.App. 4th Cir., 1975); Danna v. London Guaranty & Accident Co., Ltd., 147 So.2d 739 (La.App. 2nd Cir., 1962).
In view of the factual dispute as to the distance which the child could see, and absent a showing that the child acted in reckless disregard for his own safety in the face of known danger, we conclude the trial court erred in holding the minor was contributorily negligent as a matter of law.
The summary judgment is reversed and the case is remanded for a trial on the merits. Appellee is cast with costs of this appeal.
HALL, J., concurs.