398 So.2d 1276 (1981)
Clayton G. SAVARESE and Clayton G. Savarese, III
v.
Sheri BYE, Joseph Bye and Allstate Insurance Company.
No. 11858.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
*1277 Robert T. Hughes, New Orleans, for plaintiffs & appellants & appellees, Clayton G. Savarese, Jr. & Clayton G. Savarese III.
Donovan & Lawler, Christopher E. Lawler, Metairie, for defendants & appellees & appellants, Sheri A. Bye, Joseph Bye & Allstate Insurance Co.
Law Offices of James J. Morse, Julian G. Baudier, Jr., New Orleans, for defendant-appellee and third party defendant-appellee, Patricia G. Benoit.
Porteous, Toledano, Hainkel & Johnson, James S. Thompson, New Orleans, for defendant-appellee, Albert P. Graiser.
Dillon & Cambre, Gerard M. Dillon and Georges M. Legrand, New Orleans, for defendants-third party defendants-appellees, the Parish of Jefferson, the Jefferson Parish Weed Control Department, the Jefferson Parish Department of Roads & Bridges, and the Jefferson Parish Division of Public Works.
Before GULOTTA, SCHOTT and PEREZ, JJ.
PEREZ, Judge.
This suit arises out of an intersectional collision involving a motorcycle, driven by Clayton G. Savarese, III, and an automobile, operated by Sheri Bye, on June 27, 1978 at the intersection of Joliet and Division Streets in Jefferson Parish.
The intersection in question is a T-intersection at which Joliet Street (forming the leg of the T and running east-west) intersects with Division Street, which runs north-south. Prior to the collision, Bye had come to a complete stop at the Joliet Street *1278 stop sign. As Bye attempted a right-turn onto the southbound lane of Division, she collided with Savarese, who was northbound on Division.
Initially plaintiffs brought suit against Sheri Bye, her father, Joseph Bye, and their liability insurer, Allstate Insurance Company. Shortly thereafter, the plaintiffs supplemented and amended their petition to include the owners of the lot adjacent to the intersection and various governmental agencies.[1] In addition, the Byes and Allstate Insurance Company filed a third party demand against the added defendants.[2]
The basis of the supplemental and amended petition and the third party demand was that the accident was caused by or contributed to by an overgrowth of weeds on the vacant lot which obstructed the motorists' view.
Motions for Summary Judgment on behalf of landowners, Albert Graiser and Patricia Graiser Benoit, and the Jefferson Parish Weed Control Department, Jefferson Parish Department of Roads and Bridges, and the Jefferson Parish Division of Public Works were maintained, dismissing the principal and third party demand.[3]

JEFFERSON PARISH
Appellants contend that, in accordance with Jefferson Parish Ordinances Sections 8-84 et seq., the Parish is charged with the duty of keeping weeds at an appropriately safe level so as not to impede or obstruct the vision of motor vehicle operators. Appellants further contend that Jefferson Parish breached that duty.
We do not agree. The provisions relied upon by appellants relate to health and environment, not to traffic safety. The title of "Section 8" is "Garbage, Trash and Weeds", and the purpose provides:
"Sec. 8-1. Purpose and Scope:
(a) Purpose: It is the purpose of this chapter and it is hereby declared to be the policy of Jefferson Parish to implement a comprehensive solid waste management system to regulate the storage, collection, transportation, processing and disposal of solid waste in a manner that will:
(1) Protect the public health, safety and welfare;
(2) Prevent land, water or air pollution;
(3) Prevent the spread of disease and the creation of nuisances;
(4) Conserve natural resources;
(5) Enhance the beauty and quality of the environment..."
(Ord. No. 11137, Sec. 1, 4/5/73
The expressly provided purpose of the ordinances upon which appellants rely does not contemplate traffic regulation or vehicular safety, but rather involves community health and environment.
Appellants rely on Evans v. Allstate Insurance Company, et al, 340 So.2d 634 (La. App.2nd Cir.1976), to advance their theory that the ordinances create a duty on the part of Jefferson Parish. However, this precise question has already been decided by this court in Wright v. Travelers Insurance Co., 288 So.2d 374 (La.App.4th Cir. 1974). In determining whether "weed control" ordinances imposed a duty to provide traffic safety, this court held:
"... violation of an ordinance or statute is negligence per se only if the violation ends in a result intended to be protected or prevented by the said ordinance or statute...

*1279 The ordinance relied upon by appellant was clearly designed to protect the city and its people from health hazards not related to traffic safety. This is distinguishable from the ordinance relied on in the case of Deamer v. Travelers Ins. Co. [La.App.], 223 So.2d 224, which said ordinance enacted by the Parish of East Baton Rouge, specifically prohibited the obstruction of vision at intersections with an apparent regard for traffic safety.
Accordingly, we do not agree with appellants' contention that the violation of City Ordinance No. 28-30 constitutes negligence in this action."
(Wright, supra, at page 376)
Further, the ordinance in Evans prohibited the weeds from being a certain distance from the street. Arguably, the reference to streets may evidence intent to promote traffic safety; however, in the present case, weeds were prohibited within three hundred feet of an existing building. Clearly, the intent of the ordinance is for health, as opposed to traffic safety, and in accordance with Wright, the violation of Jefferson Parish Ordinances 8-84 does not constitute any actionable breach of duty.
The only duty Jefferson Parish has is to maintain its traffic signs and devices so as not to cause traps or undue dangers to motorists. (Pepitone v. State Farm Mutual Auto Insurance Company, 369 So.2d 267 (La.App.4th Cir.1979) In the present case, this duty has been discharged.

LANDOWNERS
As with respect to the landowners, violations of Jefferson Parish Ordinances, Sections 8-84 does not render them liable. The duty owed under the ordinance was not designed to protect the injured party herein. (Wright, supra)
However, irrespective of the Jefferson Parish Ordinances, the landowners must discharge their duty as set forth in Civil Code Article 2317, which provides in part, that:
"We are responsible, not only for the damages occasioned by our own act, but for that which is caused by... The things which we have in our custody."
This liability arises from a legal relationship to the thing whose conduct or defect creates an unreasonable risk of injury to others. (Loescher v. Parr, 324 So.2d 441 (La.1975). Consequently, the landowners owed a duty not to create a risk to others by obstructing traffic. Thus, the liability of the landowners is established through their ownership of the property adjacent to the intersection.
Whether or not the landowners caused or contributed to the accident is a factual issue which should be decided at trial. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Cates v. Beauregard Electrical Contr., 328 So.2d 367 (La.1976); and Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La.1977)
Accordingly, we find that the landowners owed a duty not to obstruct the vision of passing motorists; and that the landowners have not discharged their burden of proof in establishing there is no genuine issue of fact regarding their liability.
We affirm the trial court's decision as to Jefferson Parish and reverse and remand to the trial court with respect to the landowners.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
SCHOTT, J., concurs in the result.
NOTES
[1] Included in the supplemental petition were the Parish of Jefferson, Jefferson Parish Division of Public Works, Jefferson Parish Weed Control Department, Jefferson Parish Department of Roads and Bridges, the State of Louisiana, Louis R. Beling, Albert P. Graiser, Patricia Graiser Benoit, Dorothy Graiser Purdy, Eugenia Konstantopoulas Graiser, Edith Ebeling Graiser and Louis G. Ebeling, John Doe, Richard Green and the ABC and XYZ Insurance Companies.
[2] Made third party defendants were Albert P. Graiser, Patricia Graiser Benoit, Dorothy Graiser Purdy, Eugenia Konstantopoulas Graiser, Edith Ebeling Graiser, the Parish of Jefferson and State of Louisiana.
[3] The State of Louisiana's Summary Judgment was rendered prior to the judgment involving the named parties and was not appealed.