559 So.2d 903 (1990)
Anna Mae HOUSSIERE
v.
LAFAYETTE INSURANCE COMPANY, et al.
No. 89-CA-1245.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1990.
Michael F. Adoue, New Orleans, for plaintiff/appellant.
Peter M. Meisner, Halpern & Daigle, Metairie, for defendants/appellees.
Angelique A. Reed, Asst. City Atty., New Orleans, for City of New Orleans, Dept. of Streets, defendant-appellee.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
The issue in this appeal is whether a pedestrian, who tripped and fell on a sidewalk, has a strict liability claim against the *904 City of New Orleans and the adjacent landowner.
Plaintiff Anna Mae Houssiere appeals the trial court's granting of a motion for summary judgment, dismissing her strict liability claims against the defendants, Mr. and Mrs. Bernard Rogenbogen, and their insurer, Lafayette Insurance Co.[1] The Rogenbogens are the owners of the property adjacent to the sidewalk where the accident occurred.
On February 16, 1988, Houssiere tripped on a cracked sidewalk in front of the Rogenbogens' home, located on a corner lot bordered by Napoleon Avenue and Willow Street. The accident occurred as Houssiere was on her way to her annual eye examination. Having parked their car on Willow, Houssiere and her daughter proceeded along the Willow Street sidewalk toward Napoleon. As Houssiere rounded the corner onto Napoleon, she encountered a three-inch crack in the sidewalk, where she fell and injured her knee. Houssiere claims that a shrub jutting out from the corner of the Rogenbogens' property obscured her vision and prevented her from seeing the crack until it was too late to avoid the fall. Houssiere filed suit in both negligence and strict liability against the Rogenbogens and Lafayette Insurance Co. Additionally, she filed suit against the City.
If strict liability is applicable, the issue of ownership of the sidewalk is important. Houssiere claims that the Rogenbogens own or control the sidewalk or that, in the alternative, the City owns the sidewalk. The Rogenbogens contend that the sidewalk is owned by the City.
The principle of strict liability is rooted in La.C.C. art. 2317, which provides as follows:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
The plaintiff argues that the Rogenbogens are strictly liable for her injuries because they were in control and had custody of the sidewalk where the accident happened. In support of this contention, she offered the deposition of Ellis Gusler, streets maintenance supervisor for the City of New Orleans, to show that the City did not have custody or control. Mr. Gusler stated that the City did not recognize any responsibility for repair or maintenance of sidewalks. Additionally, he stated that homeowners who call the department to report damage to sidewalks are told that repairs are their own responsibility.
This evidence does not establish that the Rogenbogens had custody of the sidewalk as a matter of law. Louisiana jurisprudence has repeatedly held that sidewalks are owned by the City. In Kuck v. City of New Orleans, 531 So.2d 1142 (La. App. 4th Cir.1988), this court held the City responsible for an injury which occurred on a public sidewalk. In Kuck, the court noted that "the statute cited by the City does not express a true legislative intent to shift the burden for tort liability to the adjoining landowner." Id. at 1144. See also Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980); Carpenter v. State Farm Fire and Casualty Co., 411 So.2d 1206 (La.App. 4th Cir.), writ denied 415 So.2d 951 (La. 1982). These cases clearly establish that the party responsible for public rights of way and sidewalks is usually the municipality, not the abutting property owner. See Snow v. City of Shreveport, 287 So.2d 647 (La.App. 2d Cir.), writs denied 290 So.2d 332 and 290 So.2d 335 (La.1974).
Therefore, the trial court correctly dismissed the plaintiff's strict liability claim against the Rogenbogens because the thing which caused the damage, namely the crack in the sidewalk, was either owned by the City or in the City's care and custody.
Houssiere further contends that the Rogenbogens should be held strictly liable *905 for her injuries because they permitted the bushes and shrubbery, which were in their care custody and control and growing on their property directly adjoining the sidewalk, to grow over the three-inch crack and obscure it. She claims that the foliage created an unreasonably dangerous condition, entitling her to invoke the doctrine of strict liability against the landowners. We disagree.
The plaintiff's contentions concerning the overgrown shrubbery simply state a negligence claim against the Rogenbogens. All of the cases, cited by the plaintiff, which deal with the problem of overgrown shrubbery have consistently limited actions based on similar conditions to negligence claims. Wright v. Travelers' Insurance Co., 288 So.2d 374 (La.App. 4th Cir.1974). As this court stated in Wright, supra, we again decline to apply the doctrine of strict liability to a property owner who allows plants and shrubbery, which are not defective, to become overgrown. Traditional negligence principles are sufficient to protect the plaintiff's interests.
The judgment of the trial court dismissing plaintiff's strict liability claims against the Rogenbogens and their insurer is affirmed. All costs are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] Plaintiff also appeals the denial of portions of her motion for summary judgment. However, since interlocutory judgments which do not cause irreparable injury, such as the denial of a motion for summary judgment, are not appealable under La.C.C.P. art. 2083, that issue is not properly before this court. It therefore will not be addressed.