650 So.2d 1216 (1995)
Karen L. JOHNSON
v.
NEW ORLEANS DEPARTMENT OF STREETS, et al.
No. 94-CA-1542.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1995.
*1217 David B. Bernstein, New Orleans, for Karen Johnson.
James S. Rees, III, Covington, for defendants/appellees Dr. and Mrs. Thomas Whitecloud.
John E. Smith, Philip C. Ciaccio, August J. LaNasa, Asst. City Attys., Bruce Naccari, Acting First Asst. City Atty., Avis Marie Russell, City Atty., New Orleans, for City of New Orleans.
SCHOTT, C.J., and ARMSTRONG and MURRAY, JJ.
MURRAY, Judge.
Karen Johnson appeals a ruling awarding her $25,000.00 in general damages for injury suffered when she fell while walking on a sidewalk in New Orleans. Ms. Johnson alleges that the trial court erred as follows: (1) by assessing twenty-five percent contributory fault against her; (2) by directing a verdict in favor of defendants Dr. and Mrs. Whitecloud; and (3) by failing to award damages for lost wages or loss of earning capacity. The City has answered this appeal, complaining that the assessment of fault against Ms. Johnson should have been higher.
On May 6, 1990, Ms. Johnson and two friends were walking on the sidewalk in the 2800 block of Grand Route St. John en route to the New Orleans Jazz and Heritage Festival. The sidewalk appeared even and well-maintained. Ms. Johnson, who was walking along the edge of the sidewalk closest to the street, stepped into a hole in the pavement, that was covered by grass. Ms. Johnson skinned her right knee and twisted her left ankle. She was assisted to her car by her companions and sought treatment from a chiropractor and an orthopedist, on an intermittent basis, from shortly after the accident until the time of trial.
The hole in the sidewalk apparently was caused by the decay of the root of a hackberry tree removed from the area between the sidewalk and the street by the City of New Orleans. Grass from this area had grown over the hole, covering it, and creating what the trial court referred to in its Reasons for Judgment as a "trap."[1] The trial court found that Ms. Johnson was not concentrating on the sidewalk, but was merely a casual observer of it. Holding that "[o]ne does not have the right to blindly walk down a sidewalk and not observe apparent obstructions or apparent signs of problems," the court found Ms. Johnson to have been twenty-five percent at fault in causing this accident.
The uncontradicted testimony of the witnesses to the accident is that no one saw a hole until after Ms. Johnson fell. The pictures introduced at trial confirmed the trial *1218 court's assessment that this hole, when covered with grass, was a "trap." This sidewalk appeared to be in good repair, with grass growing over the edge in places. In fact, the witnesses' testimony, which is supported by a review of the photographs, was that the hole was not apparent even when one was looking directly down on it.
A pedestrian is not required to constantly observe the surface of the walk or "to exercise the care that would be necessary in traversing a jungle." White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620 (1949). See also, Bessard v. DOTD, 645 So.2d 1134 (La.1994). Based on the evidence in this case, it is unlikely that Ms. Johnson, who was unfamiliar with this particular sidewalk, would have noticed anything amiss even had she been concentrating fully on the walkway, which she was not required to do. The trial court erred in finding her at fault in having failed to spot this "trap." For this reason, the assessment of fault against Ms. Johnson is reversed.
Counsel for Ms. Johnson argues that the trial court erred in directing a verdict in favor of the adjacent property owners, finding they had no duty to repair the defective sidewalk, or warn pedestrians of the defect. Counsel bases this argument on a municipal code article which requires a property owner to cut the grass in the space between their property line and the curb line so that it does not exceed eighteen inches. The Code of the City of New Orleans, Louisiana, 1956, Article 5, Sections 28-30. To the extent that this ordinance imposed a duty on the property owners to cut the grass in the area between the sidewalk and the street, they discharged that duty. The uncontroverted testimony is that the Whiteclouds had the grass cut on a regular basis, and there is no evidence to suggest that the height of this grass ever exceeded eighteen inches.
Counsel for Ms. Johnson also argues that an adjacent property owner has a duty to refrain from doing anything on the sidewalk that would cause or contribute to a vice or defect, citing a number of cases in support of this proposition. Houssiere v. Lafayette Ins. Co., 559 So.2d 903 (La.App. 4th Cir. 1990); Murphy v. City of New Orleans, 537 So.2d 1183 (La.App. 4th Cir.1988), writ denied 541 So.2d 896 (La.1989). A careful reading of those cases does not support the imposition of liability on the property owners herein. Based on the facts of this case, the trial court did not err in finding that the adjacent property owners had no duty to repair or warn of the "trap" that caused Ms. Johnson to fall. The directed verdict is supported by the evidence, and we affirm.
Finally, Ms. Johnson contends that the trial court erred in failing to award damages to her for the lost wages or loss of earning capacity. The trial court stated in its Reasons for Judgment that it found "insufficient credible evidence" to support such an award. While there was testimony by Ms. Johnson, her daughter, and her mother with regard to wages Ms. Johnson earned caring for her grandmother prior to the accident as well as her inability to continue that work as a result of the accident, the trial court apparently rejected this evidence as not credible. This was the only evidence on the issue of economic loss. It is for the trier of fact to assess the credibility of the witnesses, and its assessment will not be disturbed unless it is clearly erroneous. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). For this reason, we affirm the court's judgment in this regard.
The assessment of fault against Ms. Johnson is reversed. The other assignments of error are without merit, and the remainder of the judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Mrs. Whitecloud testified that she had called the Department of Streets, and advised of her concern about the hole and the condition of the sidewalk quite some time before this accident.