# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-317


**MARY L. SEPULVADO**

**VERSUS**

**FARM BUREAU INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 68,057
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and John E. Conery, Judges.



**REVERSED AND REMANDED.**

**Thomas Taylor Townsend**
**P. O. Box 784**
**Natchitoches, LA 71458-0784**
**(318) 238-3612**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Mary L. Sepulvado**

**Gregory Dwayne Maricle**
**Rebecca Goforth Bush**
**Maricle & Associates**
**#1 Sanctuary Blvd., Suite 202**
**Mandeville, LA 70471**
**(985) 727-5023**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Terry Tedder**
**Pam Tedder**
**Fisherman's Galley Restaurant**

**EZELL, Judge.**

The issue presented by this appeal is whether a motion for summary judgment dismissing restaurant owners in an automobile accident case was properly granted. Mary Sepulvado filed the present appeal alleging a hazardous condition was created by the customers of Fisherman's Galley Restaurant who parked on the state's right-of-way creating a sight obstruction for visitors attempting to leave the restaurant and turn onto LA Highway 6.

## FACTS

Fisherman's Galley Restaurant is located in Many, Louisiana on LA Highway 6. On April 3, 2016, Jackie Savell was exiting the restaurant. At the same time, Ms. Sepulvado was heading west on Highway 6. As Mr. Savell eased his way out onto the highway to make a left turn, Ms. Sepulvado's car collided with Mr. Savell's van.

Ms. Sepulvado alleges she suffered severe injuries as a result of the accident. She filed suit against the restaurant; the owners of the restaurant, Pamela and Terry Tedder; Mr. Savell; Louisiana Farm Bureau Casualty Insurance Company, Mr. Savell's insurer; Landstar Ranger, Inc., the owner of a tractor trailer that allegedly parked on the highway and blocked Mr. Savell's vision; and XYZ Insurance Company, the insurer of Landstar. In her petition, Ms. Sepulvado alleged that the Tedders were liable in allowing customers to constantly park along the state right-of-way and failing to ensure safe ingress and egress out of the parking lot.

The Tedders filed a motion for summary judgment on February 16, 2018. They alleged that the Louisiana Department of Public Safety, rather than private citizens, is charged with the duty to enforce traffic laws regarding vehicles parked illegally on the shoulder of a state highway. They also allege that they did not own

the view-obstructing vehicle, nor do they encourage vehicles to park illegally on the shoulder of the highway adjacent to their restaurant.

A hearing on the motion for summary judgment was held on January 22, 2019. The trial court signed a judgment on January 31, 2019, granting summary judgment in favor of the Tedders and dismissing Ms. Sepulvado's claims against them. Ms. Sepulvado then filed the present appeal.

## SUMMARY JUDGMENT

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it is "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

> Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.* at 765–66.

> On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be

able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

## DISCUSSION

Ms. Sepulvado claims that there are genuine issues of material fact which cannot be resolved by summary judgment without resorting to credibility determinations, which is impermissible. She argues that there are questions of fact surrounding the extent of the business activities of Fisherman's Galley Restaurant which contributed to the creation of the unreasonable risk of harm for vehicles exiting onto Highway 6 and the contribution of the Tedders' fault in causing this accident.

This court recently reviewed the grant of summary judgment in a very similar case. In *Norman v. Michael A. Shelton Enterprise, Inc.*, 18-1000 (La.App. 3 Cir. 5/29/19), ___ So.3d ____, *writ denied*, 19-1093 (La. 10/8/19), ___ So.3d ___, a motorcyclist filed suit against the operator of a restaurant after he sustained injuries when a collision occurred with a pickup truck that was exiting the restaurant parking lot. This court held that a genuine issue of material fact existed as to whether a duty was owed by the restaurant operator and whether its business activities contributed to the alleged sight obstruction which contributed to cause the accident. Summary judgment in favor of the restaurant operator was reversed.

The duty-risk analysis determines tort liability in Louisiana. *Bufkin v. Felipe's Louisiana, LLC*, 14-288 (La. 10/15/14), 171 So.3d 851. This requires the plaintiffs to prove five elements: the defendant owed them a duty to conduct itself to a specific standard of care; the defendant breached the standard of care; the breach of the standard of care was a legal cause of their injuries; and they sustained actual

3

damages. *Id.* "[W]hether a duty is owed is a question of law." *Id.* at 855.

*Stelly v. City Club at River Ranch, LLC*, 18-560, pp. 3-4 (La.App. 3 Cir. 12/12/18), 261 So.3d 109, 111 (alteration in original), *writ denied*, 19-62 (La. 3/6/19), 264 So.3d 1203.

In its analysis, this court recognized that "the general duty to not obstruct roadways is well-established, . . . [an entity] may owe a duty not to obstruct the vision of passing motorists depending on the facts presented." *Norman*, ___ So.3d at ___. This court went on to state:

> Thus, it follows that the extent of the duty of a possessor of land to prevent injury to persons on adjacent property must be determined by the facts and circumstances of each case, and the question of whether the possessor caused or contributed to the accident is a factual issue which should be decided at trial. *See Savarese v. Bye*, 398 So.2d 1276 (La.App. 4 Cir. 1981). Finally, we note that while the existence of a duty is a question of law, the issue may be appropriately resolved by summary judgment "only when it is clear no duty exists as a matter of law; and, the facts or credibility of the witnesses are not in dispute." *Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716, pp. 2-3 (La.App. 3 Cir. 6/23/99), 742 So.2d 18, 20.

*Id*. at ___.

Quoting *Shepard ex rel. Shephard v. Scheeler*, 96-1690, 96-1720, p. 20 (La. 10/21/97), 701 So.2d 1308, 1319 (first alteration in original), this court agreed that:

> '[t]he primary safety purpose of the paved shoulder of the highway is to provide an area for motorists who require a momentary stop, and to protect a motorist who inadvertently leaves the roadway. . . . [however,] the continuous use of a fixed area of the shoulder as a parking lot or a regular embarkation point . . . unreasonably impairs its safety function as a recovery area.'

*Id*. at ___.

> While neither property owners nor possessors are tasked with insuring the safety of its visitors, they are nevertheless under a duty to operate their premises free of conditions posing an unreasonable risk of harm. Our supreme court has held that "the question of whether a defect presents an unreasonable risk of harm as 'a disputed issue of

mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.' " *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, p. 9 (La. 4/5/13), 113 So.2d 175, 183 (quoting *Reed v. Wal-Mart Stores, Inc.*, 97-1174, p. 4 (La. 3/4/98), 708 So.2d 362, 364). In addition to holding that whether a possessor of land caused or contributed to the accident is a factual issue not suitable for resolution by summary judgment, we find that the question presented of whether the business activities of [the operator of the restaurant] contributed to the creation of an unreasonable risk of harm on the state's right-of-way is a "matter wed to the facts" that must be determined in light of the facts and circumstances of each particular case. *Id.*

*Id*. at _____ (citation omitted).

In her deposition testimony, Pam Tedder, one of the owners of Fisherman's Galley Restaurant, discussed the parking lot situation. She explained that there are three driveways leading from Highway 6 into the restaurant parking lot. There is a grass ditch out front along the highway and grass behind the restaurant. Handicap parking is located on the front of the restaurant, and a parking area is located on the right side of the restaurant. The parking area itself is dirt and gravel and is not lined or striped. Ms. Tedder stated that people have parked in the ditch before. A house, which is used for storage, is located behind the restaurant. There is a road on the right side of the restaurant that leads to the back of the restaurant. The employees of the restaurant park near the house and use the driveway on the left of the restaurant leading to the house as additional parking.

Ms. Tedder stated that the restaurant seats about 120 people. The restaurant is full on Friday and Saturday nights and Sunday after church. She agreed that people do park along the highway on the same side as the restaurant and park across the highway on the shoulder. There are no signs restricting the parking. There are no policies concerning the parking lot, and no one has responsibility for checking on the parking lot.

5

Mr. Savell was a regular patron of the restaurant until suit was filed against him due to the accident. While Mr. Savell never heard of any other accidents at this site, he stated that people often park on the state right-of-way in front of the restaurant. He personally never parked on the shoulder. This accident did occur during the Sunday lunch hour. After examining pictures his daughter took when she got to the scene of the accident, Mr. Savell explained that both a big white truck and a car behind it were parked on the shoulder blocking his view. He eased up to the highway but could not see down the highway. He then eased out in front of the truck, which is when he collided with Ms. Sepulvado. He explained that he could not see any cars coming from the left, so Ms. Sepulvado's car must have been beside the truck and car and in a blind spot. He accelerated and tried to get out of the way, when Ms. Sepulvado hit his van behind the driver's door. The van then rolled and came to rest on its roof.

While the Tedders allege they did not encourage their customers to park on the shoulder, there is evidence that they did nothing to discourage it either. Both Ms. Tedder and Mr. Savell agree that vehicles often park on the shoulder of the highway, especially during the busiest times at the restaurant. We recognize that the Louisiana Department of Highways is charged with the duty of regulating the highways of the state and law enforcement officials bear the duty to enforce traffic laws. La.R.S. 32:2; La.R.S. 32:5. We also agree that private citizens cannot install signs or traffic controls on state-owned highways. La.R.S. 32:236. However, no law forbids private citizens from installing signs on their own property. Furthermore, there is a question of fact as to whether there is ample parking during the busy hours at the restaurant. As in *Norman*, ___ So.3d ___, there is enough evidence at this point raising the issue of whether a duty existed on the part of the

6

owners of the restaurant to take action to remedy the situation, because vehicles regularly parked on the shoulder during busy times at the restaurant.

After a de novo review, we find that Ms. Sepulvado has presented enough factual support to establish questions of fact as to whether the Tedders had a duty to stop this practice by its customers and whether this practice contributed to this particular accident. We reverse the judgment of the trial court in granting summary judgment to the Tedders. This case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Pamela and Terry Tedder.

**REVERSED AND REMANDED.**